THERON L. PHILLEO V. A. C. SANFORD AND ANOTHER.

The case of Chevaillier v. Strahan, (2 Tex. R. 115,) on the law of common carriers, cited and approved.

The case of Chevaillier v. Patton (10 Tex. R. 344,) was a particular and excepted case, having especial and exclusive reference to that particular mode of transportation—in open flat boats.

It cannot be pretended that goods may not be conveyed securely in a covered wagon, without being exposed to injury from rain ; and he who undertakes their transportation in this mode, as a common carrier, insures their carriage securely and without injury from any such cause.

Appeal from Cherokee. Tried below before the Hon. Wm. W. Morris.

Suit by the appellant against appellees, Sanford and Carr, on a contract as common carriers. The defendants were com-

mon carriers, and undertook to transport plaintiff's goods from Shreveport, in the State of Louisiana, to Rusk, in Cherokee county. The goods were injured by water in the course of transportation, and this suit was brought to recover damages therefor. The team belonged to Carr, and Sanford drove for a share of the profits. Plea of infancy by Sanford. The plaintiff first proved his case at all points. The defendant Sanford then proved that he was a minor " at the time of the trial." Defendant Carr called a witness who testified that he, witness, was with Sanford, and heard plaintiff speak to him to haul the goods ; that Sanford told plaintiff he had a good, safe wagon, and that he would haul his goods in the wagon which he then had with him, which wagon plaintiff then saw, witness supposed, as it was standing by at the time of the conversation ; and defendant told plaintiff that the wagon was covered with a good coarse Lowel sheet. Witness further testified, that he travelled with Sanford while he was hauling the goods from Shreveport to Rusk ; that it commenced raining on them one evening, about twenty-seven miles from Shreveport; that it rained slowly until night ; that about night they reached a house and took out such boxes of goods as were light and put them in the house, and that during the night it rained very hard, so much so that they were water bound next morning by a creek, and that during the night defendant placed his bed quilts over the wagon to protect the goods ; that it afterwards rained right smartly on them several times ; that they finally reached New Salem, about seventeen miles from Rusk, Cherokee county ; and that there came up, the first night after they got to New Salem, a heavy storm of wind and rain ; and that when defendant took the goods to plaintiff, defendant wanted plaintiff to pay him for hauling the goods ; plaintiff said he would not, until he opened them to see whether they were damaged or not, for that he was at New Salem himself one night while the goods were on the road, and could scarcely keep dry in the tavern, which, witness stated, was a good comfortable, dry house.

On cross-examination, witness stated that defendant, after reaching New Salem with plaintiff's goods, remained there with the goods from Thursday evening until the Friday week following, or about nine days.

The Judge charged the Jury as follows : If you find from the proof, that the defendants' wagon was covered and secured in the manner customary with wagoners in this part of Texas, and that plaintiff, knowing the condition of the wagon, directed his goods to be hauled thereon, and that the person in charge of the wagon used all the care and diligence in his power to preserve the goods in the wagon, and that in despite of such care the goods were damaged by a storm or rain, your verdict should be for the defendants. If you find that such care and diligence were not used, your verdict should be for the plaintiff to the extent of the damage according to the proof.

The plaintiff asked the Judge to charge the jury as follows :

That nothing will excuse the defendants, as common carriers, from liability for damage done to freight, except such inevitable accident as it is beyond the power of human agency to prevent ; and that if such damage did not occur by inevitable accident, no care or diligence would excuse them as common carriers.—" Refused because law embraced in general charge."

Further—That if they believe from the testimony introduced by plaintiff, that the goods were first received in good order by defendants, and further find, from the evidence, that they were delivered in a damaged condition, then the burthen of proving that no negligence was used and no unnecessary delays were made in the management and delivery of the goods, devolves wholly on the defendants, (unless such facts arise from the proof in the cause generally.) " Given with words from ' unless ' added."

Defendant Sanford asked the Judge to charge the jury— That if they believe from the evidence that defendant Sanford was not twenty-one years of age at the time of the contract of

hauling, as alleged in plaintiff's petition, he is not liable, unless they believe he recognized or in some way ratified it since he has arrived at the age of twenty-one years. " Given because plea of infancy not excepted to."

Verdict and judgment for defendants. Motion for new trial overruled.

*Anderson & Hood,* for appellant.

*Donley, Bowden* and *Chilton,* for appellees.

WHEELER, J. The defendants were common carriers, according to the rule laid down by this Court in the case of Chevaillier v. Strahan. (2 Tex. R. 115.) The doctrine of the law respecting the liability of common carriers was well considered in that case, and is too well settled to require further examination here. There manifestly is nothing in this case to take it out of the general rule in respect to the liability of common carriers, as laid down by this Court in the case of Chevaillier v. Strahan. In the charge to the jury and the refusal of a new trial, the Court was doubtless influenced by the case of Chevaillier v. Patton. (10 Tex. R. 344.) But that was a particular and excepted case, having especial and exclusive reference to that particular mode of transportation. Upon the facts of that case, it was settled, and rightly, on principle, that the carrier was not responsible for a loss which occurred from causes necessarily incident to that mode of transportation, which was as well known to the person who shipped the goods as to the carrier. It was not intended, as the Opinion shows, to unsettle any principle of the law respecting the liability of common carriers; and it is expressly stated that the exception was not to be extended so as to conflict, in any degree, with the Opinion of the Court in Chevaillier v. Strahan. It is unnecessary to repeat here the doctrines of that Opinion. They are as clearly and firmly settled by the

uninterrupted current of decisions in the English and American Courts, as any principles of the law can be : they are not to be overturned or shaken by any thing short of legislative enactment ; and they apply in their full force to the facts of the present case. It is a very different case from that of shipping cotton upon an open boat, knowing that it was not and would not be covered so as to protect it from the weather. It can not be pretended that goods may not be conveyed securely in a covered wagon, without being exposed to injury from rain ; and he who undertakes their transportation in this mode, as a common carrier, insures their carriage securely and without injury from any such cause. The owner confides them to his care and discretion, and he is responsible if they sustain injury, unless it be in the excepted cases. (2 Kent, Com. 597 ; Chevaillier v. Strahan, and cases cited.) The charge of the Court was inapplicable to the case and calculated to mislead; and the verdict, as to the defendant Carr, was contrary to law and the evidence. The plea of infancy of the defendant Sanford was sustained by the proof ; and, as to him, the judgment is affirmed ; but as to the defendant Carr, it is erroneous, and must be reversed and the cause remanded for a new trial.

Ordered accordingly.