### R. H. Coleman v. David Bunce.

1. In an action for rent it is competent for the defendant to plead, by way of reconvention, a breach of the plaintiff's covenant to repair.

2. A plea in reconvention is in the nature of a cross bill asking equitable relief, and it must aver matter which would be good in an original bill, or would constitute a good cause of action.

3. All matters may be pleaded by way of reconvention which are necessarily connected with the main action, or are incidental to the same. (Walcott v. Hendrick, 6 Texas, 418, cited by the court.)

Appeal from Victoria. Tried below before the Hon. T. C. Barden.

There is no occasion for a statement of the facts.

*A. B. Peticolas,* for the appellant.

*Glass & Callender,* for the appellee.

WALKER, J. The question presented for decision in this case, must be regarded as settled by prior decisions. Deriving our system, in a measure, from the civil law, we have retained many of its peculiar doctrines, especially in our practice and procedure. At common law the defendant had his remedy by set-off and recoupment. We have borrowed from the civil law, following more nearly the practice in the Equity courts, the remedy by way of reconvention, giving a broader scope to matters which may be put in litigation in the same action. By recoupment the defendant could defeat the plaintiff's action and recover his costs, but by intervention and reconvention he may do much more, and recover damages against the plaintiff. How far the Legislature intended to limit and control this right by Article 3447, Paschal's Digest, is somewhat difficult for us to understand. The Article reads thus: " If the plaint- " iff's cause of action be brought on a claim for unliquidated or " uncertain damages, founded on a tort or breach of covenant, " the defendant shall not be permitted to set-off or discount a " debt due him by the plaintiff; and if the suit be founded on " a certain demand, the defendant shall not be permitted to " set-off unliquidated or uncertain damages, founded on a tort " or breach of covenant on the part of the plaintiff." This is simply the common law doctrine, and, were it not for the pre- vious decisions, we might apply it to the case at bar; for, in this case, the question raised is, can a demand for rent be answered by a plea in damages for a breach of covenant to repair?

Judge Paschal, in his note to this section of the statute, I be- lieve, very accurately remarks : " The limit which the decisions " of this court have assigned to the right to plead in reconven- " tion in our practice is, that the matter pleaded, or the " damages claimed, must have grown out of, or be in some " way connected with, or incidental to the main action." This is the doctrine of Carothers v. Thorp, 21 Texas, and Duncan v. Magette, 25 Texas, 251. In the case of Castro v. Gentilly, 11 Texas, 28, the previous cases are cited and reviewed. It

would seem that the plea in reconvention is regarded as in the nature of a cross bill seeking equitable relief, and it must aver matter which would be good in an original bill, or would constitute a good cause of action at law. In Walcott v. Hendrick, 6 Texas, 418, it is said the defendant may plead in reconvention, by whatever name it may be called, in his defense and for redress, all matters necessarily connected with the main action and incident to the same. Taking this rule without restriction, and looking to the meaning which has been given the term "reconvention," we do not hesitate to say that the defendant in this case would have a right to plead, in answer to an action for rent, a breach of covenant to repair, especially as it would seem that the covenant and rent charge were part and parcel of the same contract. The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.