## J. CALHOUN v. C. D. PACE AND ANOTHER.

1. Plaintiff leased his farm to the defendants, for the year 1870, and covenanted with them " to repair the cotton-gin, so as to enable them to gin " out and pack their crop of 1870." Being sued for the rent, defendants reconvened for damages by reason of plaintiff's failure to repair the gin. *Held*, that it was error to allow defendants to prove, as damages, what they could have made by ginning cotton for other people, if the gin had been repaired. They should have been confined to evidence of damages resulting from the incapacity of the gin to work up their own crop.

2. It is only on contracts expressly stipulating for coin, that judgments can be rendered for coin. In suits for unliquidated damages, judgments for coin are not permissible.

APPEAL from Anderson.  Tried below before the Hon. John G. Scott.

The opinion and head-notes indicate the material facts.

*T. J. Word*, and *A. M. Jackson*, for the appellant.

*John H. Reagan*, for the appellees.

WALKER, J.  This is an action for the recovery of rent, commenced by suing out a distress warrant.

The defendants denied their liability, setting up a breach of covenant for repairs, and damages for suing out the warrant, and also claim, by way of reconvention, damages for injuries done to the crops by the plaintiff's cattle; and they set up a contract outside of the written contract, under which the plaintiff bound himself to remove the cattle from the neighborhood.

On the trial the jury found for the defendants; their verdict is for one hundred and fifty dollars, gold, and judgment is entered on this verdict.

We are of opinion that there was error in admitting evidence to go to the jury to prove consequential damages.  By the terms of the written contract, the plaintiff bound himself to repair the cotton-gin.  There is nothing in the contract, from which it can properly be inferred that the gin was to be used for any other purpose than that of ginning the cotton raised on the plantation, and the defendants were not entitled to recover damages by reason of their being deprived of using the gin for cleaning cotton for other persons.  The evidence offered in proof of such damages was improperly admitted.

The instructions of the court to the jury, to the effect that they may consider the claim of the defendants for incidental damages, are erroneous.

Evidence of what was said before and after the written contract was entered into by the parties was improperly admitted.

The judgment of the court for gold in this case is erroneous.

It has been the holding of this court that where a contract expressly stipulates for coin it may be enforced; but where the contract is silent, a verdict and judgment for gold will be set aside, as more rigorous than the law requires. The legal tender acts of Congress are upheld by the Supreme Court of the United States, and it is only where the contract expressly calls for coin that such a judgment can be insisted on. It is not permitted in judgments where the suits are for unliquidated damages.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.