## J. L. Lovejoy v. Townsend & Tipton.

Decided February 20, 1901.

**1.—Assignment of Error—Conclusions of Law.**

An assignment of error to the action of the trial court in refusing appellant's request to find a certain conclusion of law is not well taken, since, if the conclusions of law are erroneous, they may be revised in the appellate court on proper assignments.

**2.—Landlord's Negligence in Not Keeping in Repair—Act of God.**

A person is not excused for an act of God, where his own negligence is a concurrent cause of the injury; as where a landlord who was bound to keep the building in repair suffered the margin of the tin roof to become and remain loose, whereby a strong windstorm rolled the roof back, admitting rain, which damaged the tenant's goods.

**3.—Same—Lease—Covenant to Repair.**

Where the landlord expressly contracted to repair and keep the roof in repair, it is immaterial whether or not the roof was in a defective condition at the date of the lease.

Error from the County Court of Rockwall. Tried below before Hon. E. D. Foree.

*N. C. Edwards* and *Garnett, Smith & Merritt,* for plaintiff in error.

*L. D. Stroud,* for defendants in error.

JAMES, Chief Justice.—There is no statment of facts. The judge's conclusions of fact are: That Townsend & Tipton rented of Lovejoy one of the lower floor storerooms of a two-story rock building for a dry goods business; that Lovejoy, in his contracts with the several tenants of said building, including the one in question, "expressly reserved the exclusive possession, control of, and the obligation to repair and keep in repair" the roof of the building; that the roof became out of repair by reason of Lovejoy's negligence during the term of this lease by reason of the margin of the tin roof becoming and being allowed to remain loose and detached from the wall, so that a strong wind, accompanied by lightning and rain, loosened the roof and rolled it back uncovering about half the building over Townsend & Tipton's store, and damaging their goods; that this storm was not such a casualty but that precaution against the same might and should have been provided by the exercise of reasonable precaution and prudence on the part of plaintiff; that the damage was not due to or caused by the act of God, but proximately by the neglect of plaintiff, and that the condition of the roof was unknown to defendants, and was known or ought to have been known to plaintiff.

The action was brought by Lovejoy for rent, and defendants, by cross-action, asked for damages alleged to have been sustained by them from said occurrence, and the latter was allowed by the court. In a

supplemental finding of facts the court found that the roof was in substantially the same condition at the time of the injury as it was when Tipton & Townsend rented the store, and that the proof showed that the roof was fastened and attached to the building by the usual and customary methods, and that such attachments and anchors had become insecure at the time of this event.

The first assignment of error is that the court erred in refusing, at appellant's request, to find a certain conclusion of law. If the judge's conclusion of law are erroneous, they may be revised in the appellate court on proper assignments.

The second assignment is that the court erred in holding the landlord liable, because this is contrary to the conclusions of fact in that the findings show the injury was caused by an act of God; and because they further show that the premises were in substantially the same condition when the lease was made as when the injury happened; and because they further show that the roof was fastened and attached to the building by the usual and customary methods. A person is not excused for an act of God where his own negligence is a concurrent cause of the injury. Phillec v. Sanford, 17 Texas, 227. The court found here that this injury was not caused by the act of God, but that the landlord's negligence was the proximate cause. Without a statement of facts to test the correctness of these findings, we must accept them as being what the testimony established.

It is entirely immaterial in this case whether or not the roof was in this defective condition at the date of the lease. We have the court's finding that by the terms of the lease the landlord expressly contracted to repair and keep the roof in repair. This obligated him to put it in repair, if unsafe. when the lease was entered into, and if he was negligent in this, as the court has found he was, he is liable. Miller v. McCardell, 33 Atl. Rep., 445. The court did not hold, as stated in the third assignment, that there was an implied warranty by the landlord of the tenantable condition of the premises; on the contrary, it found that by the contract the landlord expressly agreed to repair and keep the roof in repair.

What we have said necessarily disposes of all of the assignments against plaintiff in error.

*Affirmed.*