CHARLES N. VINCENT V. CENTRAL CITY LOAN & INVESTMENT COMPANY.

Decided January 16, 1907.

**1.—Lease—Agreement to Repair.**

The landlord's agreement to make repairs and the tenants to pay rent were not so independent but that a failure of the former to comply which rendered the premises useless for the purpose for which the tenant had rented them would justify his abandonment of them and relieve him from further obligation for rent.

**2.—Same—Pleading.**

A plea setting up failure of the landlord to comply with his undertaking to repair an oven on premises rented for the purpose of conducting a bakery, in answer to an action against the tenant for abandoning them and refusing to pay rent, held to present a good defense, the failure to make the repairs being alleged to render the premises impossible for the business in question.

**3.—Same.**

The tenant did not lose his right to repudiate the contract by continuing in possession after knowledge of the landlord's failure to comply with his agreement to repair, where such continuance was at the landlord's request and upon continued promises that the repairs would be made.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*J. E. Yantis* and *S. E. Stratton,* for appellant.—The court erred in sustaining the general demurrer of plaintiff to defendant's answer. Martinez v. Thompson, 80 Texas, 568.

A lessor of property who contracts in lease to repair same and fails to make such repairs, as contracted, from which failure the premises, when put to the purposes for which leased, became untenable, dis-agreeable, or unfit for occupancy and dangerous to health and property, and then fails to make said repairs after notice of the condition and request by lessee, can not recover rents after abandonment for such causes, as the said failure of the lessor justifies lessee in vacating the premises in such condition. 11 Am. and Eng. Enc. of Law, pp. 472, 478; 18 Am. and Eng. Enc. of Law, pp. 324, 298; New York and Texas L. Co. v. Cruger, 27 S. W. Rep., 212; Harthill v. Cooke, 43 S. W. Rep., 705; Young v. Collett, 29 N. W. Rep., 850; Bostwick v. Losey, 35 N. W. Rep., 246; Leonard v. Armstrong, 41 N. W. Rep., 695; Pierce v. Joldersma, 51 N. W. Rep., 1116; Minneapolis Co-operative Co. v. Williamson, 38 Am. St. Rep., 473.

*Chas. A. Jennings,* for appellee.—A lessor leases premises for a term to a lessee, said lease to begin in the future, and covenants in the lease contract that he, the lessor, will at once make certain repairs upon the premises, but does not covenant to make any repairs during the future term, or to keep the premises, or any part thereof, in repair after the term begins; under such state of facts the tenant has no right to abandon the premises after occupying them fifteen months and defeat the payment of rent for the unexpired term of his lease. Perez v. Rebaud, 76 Texas, 194; Peticolas v. Thomas, 29 S. W. Rep., 166; 1 Wood's Landlord & Tenant (2d ed.), secs. 377, 378, 379 and notes; 2 Wood's Landlord & Tenant, sec. 478, pp. 1130, 1131, 1132, 1133.

The covenant of the landlord to repair and the covenant of the tenant to pay rent are independent covenants, and a breach of the former by the landlord is no defense to an action brought by him against the tenant to recover rent under the latter. Peticolas v. Thomas, 29 S. W. Rep., 166; 1 Wood's Landlord & Tenant (2d ed.), sec. 369.

Even though the landlord has covenanted to repair but neglects or refuses to do so, the only remedy open to the tenant is to notify the landlord, and upon his failure to repair, to repair the premises himself and deduct the expense from the rent, or to sue the landlord for a breach of the covenant. He can not, on account of such breach, abandon the possession and thus relieve himself from liability for the rent subsequently accruing. Taylor's Landlord & Tenant, 330, 331, 379; 2 Wood's Landlord & Tenant (2d ed.), sec. 478 on pages 1130, 1131, and note 4; Gibson v. Perry, 29 Mo., 245; Davis v. Smith, 15 Mo., 467; Cross v. Button, 4 Wis., 468; Ely v. Ely, 80 Ill., 532; Welles v. Castles, 3 Gray (Mass.), 323; Gates v. Green, 4 Paige Ch. (N. Y.), 355; Lamott v. Sterrett, 1 H. & J. (Md.), 42; Leeds v. Cheatham, 1 Sim., 146; Howard v. Doolittle, 3 Duer (N. Y.), 464; Hallett v. Wylie, 3 Johnson (N. Y.), 44-49; Doupe v. Genin, 45 N. Y., 119; Witty v. Matthews, 52 N. Y., 512.

KEY, ASSOCIATE JUSTICE.—This is a suit upon a lease contract, which resulted in a judgment in favor of the plaintiff, and the defendant has appealed. The trial court sustained a general demurrer and certain special exceptions to the defendant's answer, and these rulings are the questions presented for decision. After filing a general denial, the defendant interposed the following special answer:

"1st. And for special answer defendant shows to the court that he made said lease contract with plaintiff but at the time of making same he was then in possession of said premises, as a tenant of plaintiff, and remained in possession of same continuously up to and after September 1, 1903, at all times conducting and carrying on the business of a bakery store, engaged exclusively in the making and baking of bread stuffs, pies, cakes and other baker's goods, that said premises were rented for said purpose and no other; that in so conducting said business it is absolutely necessary for defendant to have the use and benefit of baking oven, without which his business could not exist and be carried on; that at the time of making said lease there was connected with and a part of said leased premises an oven, that same was not then fit for the purposes, uses and time for which defendant was contracting said premises for, to wit: the carrying on of said bakery business; and in making said contract defendant required plaintiff to make certain improvements upon said premises, among which plaintiff contracted and agreed to repair the oven then in use, and a part of said premises so leased; that at said time both plaintiff and defendant contracted and also mutually understood, it being their intention and agreed that said oven was to be made sound and in good and safe condition, and suitable for the purposes and time for which defendant was leasing said premises, and that such in law is the meaning of said contract. That plaintiff wholly failed and refused to so repair and make sound said oven, as it had agreed to do, whereby said premises became useless and of no value to defendant, and he was forced to abandon and leave said premises because of such failure and refusal, in order to protect and prevent the destruction of his business. Defendant further shows to the court that soon after executing said contract, plaintiff employed workmen as its agents to undertake said repairs on said oven; that plaintiff failed to contract and direct such improvements as was necessary to make said oven sound and safe and properly repair same, and that said work, as contracted, was carelessly, improperly and fraudulently done without regard to its said contract, and was so imperfect that same was not sound, and was unsuitable for defendant and was not in compliance with the contract. That in so constructing said repairs, the defects in same were hidden and covered over with mortar and plaster, and thereby defendant was misled as to such improvement; that soon thereafter the character of same became known to defendant and he called upon plaintiff to make such repairs properly and restore said oven to sound state, that plaintiff, through its agents, repeatedly and continuously, covering a period of several months, agreed and promised to fulfill its contract and so repair said oven, but that it wholly failed to perform same, that same smoked and would not draw and was cracked. Defendant was forced to move said premises; that the defendant could not continue insurance upon his property, and that

the authorities of the fire department of the city of Waco, Texas, condemned said oven as unsafe and unfit and dangerous to further carry on the business of defendant, wherefore defendant was forced to vacate said premises or submit to the destruction of said business, loss of insurance as protection and damages to himself and property, and that defendant could not longer remain upon said premises, and vacated same, as alleged by plaintiff. That said smoke was so offensive and injurious as to become dangerous to the health of defendant and family; that said premises because of said matters became untenable. Defendant further avers that if the said improvements and repairs on said oven, that were undertaken by plaintiff, and a part of said contract had been properly done, and said oven made sound, that same would have been good and useful and remained sound during the term of said lessee, and defendant could and would have used same, but that in making said repairs, plaintiff wrongfully had same constructed as stated and thereby perpetrated a fraud upon plaintiff in that the workmanship was improperly executed, and that the defects and decay in said oven in place of being restored to a sound state were covered over and hidden and so constructed that defendant could not detect same, leaving same as hereinbefore stated; and defendant shows that he has only used said premises for the purposes for which they were leased in a reasonable and ordinary manner, and has caused no defects or breaks, or in any manner injured said oven and said premises by any act of carelessness or negligence on his part or his servants or employes; that because of such facts, if plaintiff ever had any rights, there was a failure of consideration as to said contract, defendant being denied the use of said premises by the default of plaintiff. Defendant further avers that said oven was cracked in many places, that it would not retain heat and do uniform baking, that the draft of same was injured and that smoke came out of same at many places and filled the baking room and store with bad and unpleasant odors; that said smoke was unpleasant, disagreeable and dangerous to the health and comfort of defendant and his family who assisted him in said store. That because of such facts and omissions on the part of plaintiff to perform its contract and repair said oven, he was deprived of the benefits and uses of said premises as he had contracted, that said omissions and neglect on the part of plaintiff, in so failing to perform its contract and so repair said oven, was in law an eviction by plaintiff, and forced defendant, in order to save his business and the health and comfort of his family and employes, to vacate said premises, and that plaintiff should not be allowed to recover said rents, the consideration for same having failed. Defendant further shows that he remained upon said premises for a period of several months after he learned of said condition of the repairs on said furnace or oven at the request of plaintiff, during which time plaintiff made many and repeated promises to make said repairs; that he would have immediately vacated said premises upon such discovery but for the said assurances and promises of plaintiff that he relied upon same, and acted upon same until he became convinced that plaintiff would not, whereupon he immediately gave notice to plaintiff that he must vacate unless said repairs were made; that at said time defendant told plaintiff he was compelled to make such

change because of its failure to so repair, and violation of its contract, and that said premises would thereafter be its for rent; that at said time plaintiff never denied any of the charges as to its agreement being violated, but at all times acknowledged same, and never at said time when said notice was given, claimed any further right or demand against the defendant, and caused the defendant to believe that he would be released because of its breach of agreement, and defendant relying upon such made and entered into another lease contract with other parties, and could not now nor could he thereafter use said premises; that by reason of plaintiff's conduct it should be estopped to deny defendant's release and discharge from said lease contract, if such was ever binding."

This answer was sworn to and contained some other averments not necessary to be stated. As before stated, the court sustained a general demurrer and certain alleged special exceptions to this answer. These so-called special exceptions were, however, in effect, general demurrers, because they assert that certain matters pleaded by the defendant do not constitute a defense to the plaintiff's suit. The contract sued on, a copy of which was attached to the plaintiff's petition, contains, among other things, these stipulations: "Said term of lease to begin on the first day of September, 1903, and to continue three years, subject to the conditions and restrictions hereinafter specified and set forth. . . . The said Central City Loan & Investment Company agrees to at once repair oven, smokestack, re-cover shed in rear of store, paper the store and paint the wood work in the front."

The defendant, admitting that he signed the contract, predicates his defense upon the proposition that, in view of the facts alleged in his answer, there was a failure of consideration for his promise to pay rent, and he had the right to abandon the contract and refuse to pay rent after the time of such abandonment.

The plaintiff's contention is that the covenant to repair is distinct and independent of the covenant to pay rent, and that the remedy for the breach of the former is a suit for damages, and that the defendant had no right to refuse to pay rent. No Texas case has been cited nor have we found any directly in point. The case of Bostwick v. Losey, 67 Mich., 554, is a case very much in point, and it sustains appellant's contention. We make the following excerpt from that case:

"What the defendants contracted for was the use of the sawmill, and the sawmill was dependent in its use upon the water power which propelled it. The plaintiff covenanted to keep the flumes, through which the water passed to the mill, in repair. If he neglected or refused to do this when notified, and on account of such neglect the water power was destroyed, and the mill thereby rendered useless to the defendants, the consideration of the agreement of lease failed, and the defendants were justified in abandoning the premises, and the stipulated rent could not be recovered after such failure of consideration. Tyler v. Disbrow, 40 Mich., 415; 1 Wood, Landl. & Ten., sec. 377; Hinckley v. Beckwith, 13 Wis., 34."

It is true, in this case, the tenant remained in possession long after he discovered that the landlord had failed to make the essential repairs

required by the contract; but the answer shows that this was done at the instance and by the request of the plaintiff, accompanied by renewed promises to repair. Under these circumstances we do not think that the tenant should be held to have waived any right under the contract.

We think the Michigan case lays down the correct rule; and therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*