GILLISPIE v. AMBROSE et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 1, 1913.)

1. LANDLORD AND TENANT (§ 223*)—CLAIMS ARISING OUT OF THE SAME TRANSACTION.

Under Rev. Civ. St. 1911, art. 1330, providing that the preceding article, which provides that, if plaintiff's cause of action be a claim for unliquidated or uncertain damages founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff, and, if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant, shall not be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of, incident to, or connected with plaintiff's cause of action, in a landlord's action to recover rent and compensation for the use of farming implements and mules, the defendant could set up as a counterclaim a breach of warranty of two horses which he agreed to buy from the landlord in part consideration for the lease, since this claim arose out of plaintiff's cause of action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

2. PLEADING (§ 228*)—EXCEPTION TO PLEADING GOOD IN PART.

An exception to five counts in a petition of reconvention was properly overruled where one of the counts stated a proper counterclaim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

3. PLEADING (§ 228*)—DEMURRER—OPERATION AND EFFECT OF DECISION ON DEMURRER.

An exception of misjoinder of causes of action is properly addressed to the entire pleading, and, if sustained, the entire pleading is stricken out, leaving it optional with the pleader to select such portions of the plea as he may see fit, and the court cannot make this selection for him; and hence an exception to five counts in a plea of reconvention for misjoinder, by which it was proposed to strike out such counts and permit three other counts to remain, was properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

4. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In a landlord's action for rent and for compensation for the use of farming implements and mules, in which the tenant filed a plea of reconvention for breach of warranty and to recover damages for torts, an assignment of error that the court erred in overruling plaintiff's motion for a new trial because the jury allowed the full amount claimed by defendant's plea, except the sum claimed as damages for the breach of warranty, was too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

5. TRIAL (§ 250*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND EVIDENCE.

Where, under a plea of reconvention alleging that defendant had falsely and maliciously declared that defendant was a dishonest person, owed plaintiff money that he would not pay, and for which she held a lien on his cotton, by reason of which acts defendant was unable to market his cotton in the town of A., where he was accustomed to sell his crops, and had been suspected by his neighbors and others of being dishonest, lost their respect, and suffered withal humiliation, there was neither allegation nor evidence of the amount of pecuniary loss resulting from defendant's inability to market his crop, the claim set up should not have been submitted to the jury.

[Ed. Note.—For other cases. see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

6. APPEAL AND ERROR (§ 1140*)—CURE OF ERROR BY REMITTITUR.

Where defendant, under a plea of reconvention in a number of counts claiming in the aggregate $196.50, obtained a verdict of $136.50, indicating that the jury allowed a portion of a claim of $70, which under the pleadings and evidence should not have been submitted, the judgment would be reversed unless defendant filed a remittitur of the whole $70.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4476; Dec. Dig. § 1140.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by Mrs. Jerome Gillispie against J. W. Ambrose and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded, unless plaintiff files remittitur.

H. H. Sagebiel, of Ganado, and W. S. Pope, of Anson, for appellant. Brooks & Brooks, of Anson, and Davenport & Davenport, of Stamford, for appellees.

DUNKLIN, J. J. W. Ambrose and Guy Ambrose rented land from Mrs. Jerome Gillispie, who instituted this suit against them to recover several items claimed to be due for rents and for the use of farming implements and mules. But the suit was dismissed as to the defendant Guy Ambrose. J. W. Ambrose, in addition to a general denial, filed a plea in reconvention in which he sought to recover for certain labor performed for the plaintiff and in which he further sought to recover damages, the nature of which will hereinafter be noted. Judgment was rendered upon the verdict of a jury denying plaintiff any recovery and awarding defendant a recovery against the plaintiff for $136.50, from which plaintiff has appealed.

The land was rented for two years, as shown by two leases, which were in writing, and one of them contained the stipulation

that defendant would purchase from the plaintiff two horses and would pay plaintiff for one of them $100 and for the other $135. This agreement to purchase the horses was one of the considerations for the lease to the defendant.

In the fourth count of defendant's plea in reconvention it was alleged that plaintiff warranted those two horses to be in sound condition and of certain ages, but that they were both unsound and older than represented, and that by reason of those misrepresentations they were worth $60 less than the price which defendant agreed to pay, and he sought to recover of plaintiff that sum as damages. By the fifth count in the plea damages were claimed in the sum of $17.60 as the value of certain feed stuffs which it was alleged belonged to the defendant and were wrongfully taken from his barns during his absence by plaintiff's agent. By the sixth count in the plea it was alleged that plaintiff, through her agents, caused his arrest and prosecution on a charge that he had unlawfully used two of her mules without her consent; that he had been duly acquitted of the charge upon trial; that the prosecution of him by the plaintiff was malicious and without probable cause; and that he was damaged thereby in the sum of $15, the fee which he was forced to expend in the employment of an attorney to represent him, and in the further sum of $5, loss of time in attending court. By the seventh and eighth counts in the plea it was alleged that defendant had falsely and maliciously published and declared that defendant was a dishonest person, was owing plaintiff money that he would not pay, that he was due her rent for which she held a lien upon the cotton grown upon the premises by the defendant, and that by reason of such acts on the part of the plaintiff he was unable to market his cotton in the town of Anson, where he was accustomed to sell his crops, and had been suspected by his neighbors and others of being dishonest, had lost their respect and esteem, and had suffered mental humiliation and harassment by reason of such charges, all to his damage in the sum of $70, for which he prayed judgment.

[1, 2] Plaintiff addressed an exception to those five counts in the petition collectively, which was overruled. By the first assignment of error complaint is made of that ruling. By the first proposition it is insisted that the damages claimed and to which the exception is addressed are for tort and breach of covenant, which cannot be pleaded and set off against plaintiff's claim, which is a certain demand. By the second proposition it is insisted that, if plaintiff's demand be unliquidated, defendant's counterclaims cannot be offset because they constitute unliquidated demands and are founded upon alleged torts. As noted already, the claim made in the fourth count in the plea in reconvention was for damages growing

out of an alleged breach of warranty of the condition and ages of the two horses which he had agreed to buy from the plaintiff in part consideration for the lease of the land. This claim arose out of the plaintiff's cause of action, and hence was a legitimate counterclaim to plaintiff's suit. Revised Civil, Statutes, art. 1330. The exception now under discussion having been addressed to this claim, together with four other counterclaims mentioned above, collectively, and being in effect a general demurrer to all five of those claims, was properly overruled. This conclusion renders it unnecessary to determine whether or not the other counterclaim could properly be considered, if special exceptions had been addressed to each one separately.

[3] Another special exception was addressed to the five counts in the plea of reconvention above noted upon the ground that the claims there asserted sounded in tort and were improperly joined to the claims made in the first, second, and third counts in the plea which arose from contractual relations. By this exception it was proposed to permit the claims set out in the first, second, and third counts to remain and to strike out the remainder of the counts. As we understand the rule, an exception of misjoinder of causes of action is properly addressed to the entire pleading, and, if the exception is sustained, the entire pleading is stricken out, thus leaving it optional with the pleader to select such portions of the plea as he may see fit to urge, and it is not the province of the court to make this selection for him. Furthermore, as noted already, the claim made in the fourth count of the plea was a proper counterclaim.

A general demurrer was addressed to the entire plea in reconvention, and by different assignments it is insisted that upon such demurrer certain counts in the plea should have been stricken out. These assignments are overruled for the reason that at all events some of the counts were proper, and it was not the duty of the trial court to carve the demurrer into separate parts and apply it to the different items and to sustain it as to some counts and overrule it as to others. The proposition presented by the general demurrer was that the entire plea should be stricken out, and to have sustained this clearly would have been error for the reasons already noted.

[4] By the fifth assignment it is contended that the court erred in overruling plaintiff's motion for a new trial because the jury allowed the full amount claimed by the plea in reconvention except the sum of $60 claimed as damages for a breach of warranty in the sale of the two horses above mentioned. This is the only reason assigned for the contention that the verdict was contrary to the law and the evidence and is too general to merit consideration.

We are unable to say that the jury allowed the defendant a recovery for attorney's fees

in defending him in the criminal prosecution noted above and for the $5 claimed for loss of time in attending court. Hence the sixth assignment of error, in effect that the trial court erred in overruling the motion for new trial because those two items were allowed by the jury, is overruled.

[5, 6] The aggregate of all the items claimed by the defendant in his plea of reconvention was $196.50. By the verdict the defendant was allowed a total of $136.50, thus indicating that they allowed at least a portion of the claim of $70 made in the seventh and eighth counts of the plea for the alleged publication of false reports concerning the appellant. The only false statement alleged to have been made by the plaintiff and upon which the claim for damages in these two counts was predicated consisted of an assertion by the plaintiff that defendant was indebted to her for rents, and that for such indebtedness she held a lien upon the cotton grown upon the farm by the tenant, and the only predicate for damages claimed as a result of such false statement was that the defendant could not market his crop in the town of Anson, and that he sustained feelings of humiliation and was suspected of dishonesty by his neighbors on account of such charges. The amount of pecuniary loss resulting from his inability to market his cotton in the town of Anson was neither alleged in the plea nor supported by any testimony. Such being the record, the court should not have submitted to the jury the claim last noted. Accordingly appellant's seventh assignment of error to the trial court's refusal of the motion for new trial is sustained, and, because this claim was allowed, in part, at least, the judgment will be reversed and the cause remanded, unless appellee shall within ten days from the rendition of this decision file a remittitur of $70, the full amount of the claim last referred to. If such remittitur is filed within the period indicated, the judgment will be so reformed as to be in favor of appellee for $66.50 only and in all other respects affirmed, otherwise the judgment will be reversed and the cause remanded for another trial. In either event the costs of appeal are taxed against the appellee.