## OSCAR v. SACKVILLE. (No. 6606.)

(Court of Civil Appeals of Texas. Austin. June 6, 1923. Rehearing Denied June 30, 1923.)

1. Landlord and tenant ⬤⟹233(3)—Evidence held to require submission to jury of issue of damages caused by theater becoming untenantable.

In action for rent, evidence held sufficient to require submission to the jury of the issue of damages caused by a theater becoming untenantable, due to lessor's failure to repair the heating plant.

2. Landlord and tenant ⬤⟹154(2), 223(6)—Lessee may remain in possession and sue or maintain cross-action for lessor's breach of covenant to make repairs.

A tenant may remain in possession, pay rent, and maintain an action against lessor for any damages suffered during the term of the lease by reason of lessor's failure to repair the premises according to his contract, and such claim for damages may be set up in a cross-action against the lessor in lessor's suit for rents.

3. Judgment ⬤⟹251(2)—In lessor's action for rent, defendant's motion for judgment not granted on findings outside the defense pleaded.

Where, in lessor's action for rent, defendant pleaded a breach of covenant to make repairs and demanded judgment for the damage caused thereby, less the rents due, defendant's motion for a judgment should not be granted merely on the jury's finding that the premises were untenantable, when defendant abandoned them, which matter was outside the defense pleaded.

4. Landlord and tenant ⬤⟹154(4)—Damages for breach of lessor's covenant to repair theater held loss of profits.

The measure of damages for lessor's breach of covenant to repair the heating plant of a theater is the loss of profits lessee suffered by reason of such breach.

On Motion for Rehearing.

5. Trial ⬤⟹351(2)—Trial court must give correct charge on issue on which defective charge presented.

It is the duty of the trial judge, when presented with a special charge involving an issue raised by both the pleadings and the evidence, to give a correct charge involving that issue, regardless of any defect in the charge presented.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by H. A. Sackville against Miss Gussie Oscar. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Taylor & Hale, of Waco, for appellant.
G. W. Barcus, of Waco, for appellee.

BLAIR, J. This suit was instituted by appellee against appellant, for the recovery of the sum of $875, alleged to be due as rents upon the auditorium theater building, in Waco, under the terms of a written lease contract. The appellant answered by general demurrer and general denial, and by a special plea admitted the lease contract, but alleged that it contained the convenant whereby the lessor "agrees to repair any wear and tear of said building during the continuance here-

of as may be necessary to keep said building tenantable." Appellant further alleged that, shortly after the execution of this contract, the boiler and radiator which were used to heat the building, by reason of natural wear and tear, became defective and inadequate for such purpose, and that the building became untenantable for theater purposes, being the purpose which it was agreed the building would be used, and alleged that, although appellee made some effort to repair the same, yet said repairs were insufficient, and the building was continuously untenantable during the life of the lease, and that, although often requested, the appellant failed and refused to make repairs upon the heating plant, as per lease contract, and that by reason of such breach of contract the appellant was damaged in the sum of $3,000, for which she prayed judgment, less the sum of $875, the amount of the rents for which appellee sued.

The case was tried before a jury, and upon the special issues submitted they found that the building was untenantable for the purpose for which it was rented for the months of November, December, January, February, and March, 1918 and 1919, respectively. The trial judge entered judgment for appellee for the sum of $875, and that appellant take nothing by her cross-action. Appellant's motion for a new trial was overruled, to which she excepted, and here now presents her case for our consideration. The facts necessary to a decision in this case will be found in our opinion.

## Opinion.

We are of the opinion that the appellant's first assignment of error should be sustained. By this assignment she complains of the failure of the trial court to submit the issue of the amount of damages she sustained by reason of the building becoming untenantable, because of the failure of appellee to repair the heating plant as per contract. The record does not disclose the reason why the trial judge refused to submit this issue, but from the brief of appellee it is apparent that it was refused upon two grounds: First, because the evidence was insufficient to sustain the allegation for damages; and, second, it is contended that, the proof having shown that appellant remained in possession and paid rent for the months which the jury found the building to be untenantable, she was thereby, as a matter of law, estopped to claim damages because of the failure of appellant to make such repairs as were necessary to make the building tenantable for the purpose for which it was used.

[1] In both these conclusions the trial court erred. As to the first ground, appellant pleaded, and the proof showed, that there was a great falling off in the patronage of the shows put on by her, due in part, at least, according to the testimony, to the fact that the building was not properly heated. Appellant testified that many patrons, after entering the building, would come and demand their money back, because the building was cold. She further testified that patrons threatened to sue her because of catching colds and taking pneumonia from sitting through shows without the building being heated; that many people told her they would not come to the show because the building was not properly heated; that people during show hours would have to get up from their seats and go to the radiators to get warm; that at all times they had to sit with their coats and wraps on to keep warm. She further testified that the furnace was old and worn from long use, and that the natural wear and tear thereon had caused it to become inadequate; that the furnace was cracked, and that the water flues through which the heat was to go had become rusted and cracked. She further testified that the average attendance was only about 475 persons per show, as compared with 800 or more in the previous years. She further testified to the prices charged per ticket, and the average expense of operation, which furnished a basis for the jury to calculate the damages, if they believed her testimony. It is true that there was much testimony that the falling off in attendance was due to an epidemic of influenza, which caused people to avoid public gatherings, and to the further fact that soldiers training at the cantonment at Waco began to leave soon after the Armistice was signed in 1918; but these matters were for the jury, and from which they might determine if appellant was really damaged because of the lack of the proper heating of her theater, or other causes, as well as to enable them to determine the amount of damages appellant was entitled to receive because of the failure of the heating plant to adequately heat the building. We think the testimony was sufficient to require the court to submit the issue of damages to the jury.

[2] As to the second ground, we are of the opinion that the trial court also erred in holding that appellant, having remained in possession of the building and paid rents, was estopped to claim damages occasioned by the lessor's failure to repair the building and make it tenantable for the purpose for which it was rented for the months in which the jury found the building to be untenantable. t is not the law that a tenant is required to abandon the premises in order to recover damages for a breach of contract on the part of the lessor, because of his failure to make such repairs as necessary to make the premises tenantable. It would be a harsh rule to require appellant to abandon the premises before she would be entitled to recover for a breach of contract on the part of the lessor to keep the building in a suitable condition to carry on her business, for it might be that another building would not be accessible, and

the lessee would thereby be required to discontinue business. The contrary is the rule. A tenant may remain in possession, pay rents, and maintain an action against the lessor for any damages suffered during the term of the lease by reason of the lessor's failure to repair the premises as per his contract, and such claim for damages may be set up in a cross-action against the lessor in a suit instituted by him against the lessee for rents. Kincheloe Irrigation Co. v. Hahn (Tex. Civ. App.) 132 S. W. 78, affirmed in 105 Tex. 231, 146 S. W. 1187; N. Y. & Tex. Land Co. v. Cruger (Tex. Civ. App.) 27 S. W. 212; Calhoun v. Pace, 37 Tex. 454; Vincent v. Central City Loan & Investment Co., 45 Tex. Civ. App. 36, 99 S. W. 428; Ingram v. Fred (Tex. Civ. App.) 210 S. W. 298, writ of error refused in 210 S. W. 298, footnote; Lovejoy v. Townsend, 25 Tex. Civ. App. 385, 61 S. W. 331; Duran v. Lucas (Tex. Civ. App.) 144 S. W. 695; Gillispie v. Ambrose (Tex. Civ. App.) 161 S. W. 987.

Since this case is to be reversed and remanded, we do not deem it necessary to discuss all of the assignments of error, but only such as may affect another trial.

[3] By appellant's second, third, and fourth assignments she contends that her motion for judgment should have been sustained, because of the finding of the jury that the premises were untenantable until the month of March, 1919, at which time it is claimed the testimony shows she abandoned the premises, These assignments are not well taken, for it is not pleaded as a defense in this suit that she abandoned the premises because of the failure of the lessor to make necessary repairs to make it tenantable, but the only defense pleaded and relied on was that she had been damaged by reason of such failure to repair, and for which damages she prayed judgment, less an offset of the rents due.

[4] The court did not err as complained of in assignments 5 and 6, in refusing to permit the witnesses offered to testify as to the reasonable market rental value of the premises in question during the time the same was untenantable. We are of the opinion that the measure of damages under the pleadings in this case is such loss of profits to appellant's business as the jury may find she suffered by reason of appellee's failure to repair the heating plant, and thereby make the auditorium tenantable for theater purposes. To permit a recovery for the loss of profits, and also an additional recovery for the difference in the rental value of the premises, in the condition they were and in the condition they should have been if the heating plant had been adequate, would allow a double recovery, since appellant would be made whole under her contract when she recovered the loss of profits to her business, without regard to the rental value of the leased premises.

We are of the opinion that this cause should be reversed and remanded for the reasons stated.

Reversed and remanded.

### On Motion for Rehearing.

Appellee insists that this court erred in reversing and remanding this cause because of the failure of the trial court to submit to the jury the question of damages resulting to appellant, by reason of the building which she had rented becoming untenantable, pleaded by way of cross-action: First, because there was no pleading seeking damages for the months which the jury found the building to be untenantable; second, because the charge requested asked for damages for the five months "involved," which appellee contends were the months of March, April, May, June, July, and August, the months for which the rent was not paid, and that there was no testimony that the building was untenantable for these months; third, that the court erred in holding that appellant could offset her damages occasioned during the winter months, by reason of the premises becoming untenantable, against rents due for the other remaining months of the lease contract, contending that, she having remained in possession of the building and paid rents, she was estopped to claim damages therefor.

The record in this case does not bear out appellee's first contention, that it was not pleaded that the damages were occasioned during the winter months of the lease contract. By paragraph 4 of appellant's answer and cross-bill she pleaded that the building became out of repair and untenantable by reason of the failure of appellee to properly repair the boiler and radiator situated in the building, and that it became continuously thereafter, until the termination of the lease contract, untenantable. This allegation alone would be sufficient to cover any month in which it could have been shown the building was untenantable. But by the fifth paragraph of her answer and cross-bill she alleges positively that her damages were occasioned by the loss of net profits during the months of December, January, February, March, and April of 1918 and 1919, respectively. This contention is without merit, and is overruled.

[5] As to the second proposition, that the charge requested limited the finding of the jury to the five months "involved" might be ambiguous, but it does not follow that this would justify the trial court in refusing to submit the question of damages. Appellee sued for rents for the last five months of the lease contract. Appellant by way of cross-action, sued for damages for the first five months of the lease contract, alleging the building was untenantable during said first five months. Just which five months were referred to by the charge requested as being

"involved" is not absolutely clear. However, the case was submitted upon special issues, and it became the duty of the trial judge, upon being presented with a special charge involving an issue in the case raised by both the pleadings and the evidence, to have given a correct charge involving the issue, regardless of any defect in the charge presented. As to the sufficiency of the evidence to require the court to submit the issue of damages, we do not change our view from that heretofore announced.

The third proposition contends that the court erred in holding that a tenant could offset a claim for damages because of a breach of a covenant in the rental contract in a suit for rents. It has been well established by our courts that in actions for rent it is competent for the defendant to plead by way of reconvention for damages for a breach of the plaintiff's covenant to repair. The Supreme Court, in the case of Coleman v. Bunce, 37 Tex. 171, stated:

"Taking this rule without restriction, and looking to the meaning which has been given the term 'reconvention,' we do not hesitate to say that the defendant in this case would have a right to plead, in answer to an action for rent, a breach of covenant to repair, especially as it would seem that the covenant and the rent charge were part and parcel of the same contract."

In this case the court followed the above case and other cases heretofore decided by the Supreme Court, announcing this same doctrine. Walcott v. Hendrick, 6 Tex. 418; Carothers v. Thorp. 21 Tex. 358; Duncan v. Magette, 25 Tex. 255; Castro v. Gentiley, 11 Tex. 28.

It was also held by the Supreme Court in the case of Calhoun v. Pace, 37 Tex. 455, cited in our former opinion in this case, that damages for a breach of contract to repair may be offset in an action for rents, and especially such damages as arose out of or were incident to the contract. In the instant case, the appellant pleaded and proved that as a part of the rental contract it was agreed and understood that the appellee herein was to make such repairs as were necessary to make the building tenantable, for the purpose of which it was rented. She also pleaded and proved that, though often requested, the appellee had failed and refused to properly repair the radiator and the boiler, constituting the heating equipment for the building, and that she was damaged by reason of the same becoming out of repair for the months of December, January, February, March, and April, 1918 and 1919, respectively.

We are of the opinion that we have correctly decided this case in our former opinion, and the motion for a rehearing is overruled.

Motion overruled.