The **CITIZENS NATIONAL BANK IN ABILENE, Appellant,**

v.

**C. R. ROGERS, Appellee.**

**No. 4347.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 14, 1969.

Rehearing Denied Dec. 19, 1969.

Wagstaff, Alvis, Alvis, Cochran & Leonard, David G. Stubbeman, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John Camp, and Stephen H. Suttle, Abilene, for appellee.

GRISSOM, Chief Justice.

On October 1, 1966, Thomas Neon Company leased two bulletin board displays to C. R. Rogers to be maintained at his place of business to advertise Rogers' automobile company. Rogers agreed to pay $70.00 per month rent for thirty-six months. Paragraph 2 of the lease contract was as follows:

> "2. Lessor agrees during the life of said lease to maintain said bulletin boards and keep in reasonable condition. Inspection will be made periodically, and the main faces will appear clear and legible through the period stated herein. Repainting will be done when necessary over same copy of design and lettering. ——"

On May 24, 1968, Rogers sold his business, the real estate upon which the leased billboard rested and his interest therein to Rocket Oldsmobile Company. Rogers did not make the monthly payment due June 1st, 1968, and made no payment thereafter. Thomas Neon Company had assigned the lease to The Citizens National Bank in Abilene. It sued Rogers for the rental installments due on the first of each month, including June 1st through September 1st, 1968, declared the balance of $1,120.00 rent due and sought $300.00 attorney's fees. The Bank alleged the "lease" had been assigned to it and that it was the legal owner and holder thereof. Rogers answered that the Bank had failed to comply with the quoted requirements of paragraph 2 of the lease; that it had failed to maintain said signs in reasonable condition; that it did not inspect them; that the main faces became unclear or illegible; that repainting became necessary and the lights thereon failed to work properly but the Bank did not correct said conditions. Rogers further alleged that the leased displays were removed from said premises, before he quit paying rent for their use, by the Bank's authorized agent and therefore consideration for the agreement to pay rent failed. Rogers also sought damages for the Bank's failure to reasonably maintain the signs as it was bound to do by said contract.

A jury found that the Bank (1) did not maintain the signs and keep them in reasonable condition prior to May 20, 1968; that, (2) before May 20th, repainting became necessary to maintain them in a reasonable condition, but (3) the Bank did not repaint them; (4) that, before May 20th, the main faces of the signs became unclear; (5) that the Bank did not correct said conditions prior to May 20th; (6) that the lights on the signs were not working properly between October 1, 1967 and May 20, 1968 but (7) the Bank did not repair them. Both parties filed motions for judgment. The Bank's motion was based upon the fact that Rogers did not request an issue as to the amount of damages caused by the Bank's breach of contract in failing to properly maintain the signs, as found by the jury, nor object to such failure and therefore it could not be implied that the court found damages in an amount that would offset the amount of unpaid rent. The defendant's motion for judgment was sustained and judgment was rendered that the Bank take nothing. The Bank has appealed.

It was undisputed that Rogers paid only $1,440.00 on the contract, leaving an unpaid balance of $1,120.00 and that the Bank had Big Country Bulletin as its agent to carry out its duties under the contract and that Big Country Bulletin removed the displays before Rogers quit paying rent. Rogers testified that the billboard was on his place of business, but was removed in May 1968; that during part of the time covered by the lease, it was in poor condition, the letters were crooked and the lights did not work properly and that he sold

everything he owned there on May 20th, 1968.

■ There was sufficient evidence to sustain the jury finding that the Bank did not properly maintain the signs and, further, that Rogers was thereby damaged in an amount equal to the unpaid installments. The judgment may rest upon the finding that the Bank did not maintain the signs in a reasonable condition, plus an implied finding by the court that the amount of damages suffered by Rogers as a result of the Bank's failure to properly maintain the signs was equal to the unpaid balance on said rent contract, to wit, $1,120.00, provided the court was authorized to make such a finding. Appellee says that under the situation, there being no request for an issue as to the amount of damages and no objection to the failure to submit that issue, that we must presume the court found the damage issue in such manner that it will support the judgment. Texas Rules of Civil Procedure 279 provides that the court shall submit the controlling issues made by the written pleadings and the evidence. One of the defenses asserted by Rogers was that the Bank was not entitled to recover the unpaid rent because it breached its contract to maintain the signs in a reasonable condition. The jury found that the Bank did breach its contract by failing to maintain the signs in a reasonable condition. The question then arises whether we may presume the court found the amount of damages suffered by Rogers was equal to the amount of unpaid rent. Appellee was permitted to introduce evidence to that effect. There was evidence to support such a presumed finding. Rule 279 also provides that failure to submit an issue shall not be deemed a ground for reversal, unless its submission was requested in writing and tendered by the party complaining of the judgment, but that objection to such failure shall suffice if the issue is one relied upon by the opposing party. The court submitted one element of one of the defendant's grounds of defense, towit, that the Bank breached its contract to reasonably maintain the signs. It failed to submit the element of the amount of damages suffered by Rogers as a result thereof. The Bank did not request such issue nor object to the failure to submit it. Rule 279 provides that where an independent ground of defense consists of more than one issue, if one necessary to sustain such ground of defense and necessarily referable thereto is submitted to and answered by the jury and one is omitted, without request therefor or objection to the failure to submit such issue, and there is evidence to support a finding thereon, such omitted issue shall be deemed found by the court in such manner as to support the judgment.

In Dee v. Parish, 160 Tex. 171, 327 S.W. 2d 449, 452, Dee sued Parish for damages sustained when she was thrown from a horse rented to her by Parish. The jury found that Dee was told by defendant to go on the bridle path through the park, and that such action was negligence and a proximate cause of plaintiff's injury. But, the jury also found that Dee caused the horse to increase its speed, which caused her to fall off. The defendant contended that he was entitled to judgment under the maxim volenti non fit injuria. Judge Walker said:

"Assuming without deciding that a question of fact was raised as to her knowledge and appreciation of the danger, the issue was not submitted to the jury or requested and is now to be regarded as having been found by the trial court in her favor."

In Walker v. Texas Employers' Insurance Associated, 155 Tex. 617, 291 S.W.2d 298, 303, judgment was rendered for the claimant. No issue was submitted inquiring what was the average weekly wage of the claimant but the insurance company did not request such issue nor object to the charge because of that omission. The jury found that Walker had worked in his employment for substantially the whole of the year preceding his injury. The claimant and another employee testified that

truck drivers worked six days per week. The court said the issue in answer to which the jury found Walker had worked the whole of the year preceding his injury and the issue of average weekly wage were necessarily referable to each other in fixing the compensation rate. The court concluded there was evidence to support an implied finding that the claimant's average weekly wage was $51.00 and that, by virtue of Rule 279, it was required to imply such a finding in support of the judgment. It cited Barron v. Texas Emp. Ins. Ass'n. (Tex.Com.App.), 36 S.W.2d 464, 468. See also Texas Employers' Insurance Ass'n. v. Neuman (Sup.Ct.), 379 S.W.2d 295, 296; Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295, 296; Frozen Food Express v. Odom, 229 S.W.2d 92, (Tex.Civ.App. WR); General Accident Fire & Life Assurance Corp v. Murphy, Tex.Civ.App., 339 S.W.2d 392, ref. n. r. e.

In Rogers v. Texas Industries, Inc., Tex. Civ.App., 328 S.W.2d 483, 487 (No writ history), we called attention to the statement in North v. Atlas Brick Company, (Tex.Com.App.), 13 S.W.2d 59, 61, that in an ordinary damage suit *"the complete ultimate issue"* requisite to plaintiff's recovery was made up of four elements, or issues, (1) the fact alleged, (2) whether it was negligence, (3) whether such negligence was a proximate cause of injury, *and (4) the amount of damages,* and that, if one of said elements, or issues, was submitted and answered and another was not submitted, nor requested, that the omitted issue was not waived but was deemed to have been found by the court in such way as to support the judgment. We also noted that said holding was approved by our Supreme Court and that statement was reiterated by our Supreme Court in Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 82. If said statements are now the law, we are required to presume the court found Rogers was damaged in an amount sufficient to offset the unpaid rent.

■ However, an affirmance of the judgment need not rest on that conclusion. It is undisputed that the signs were removed by the owner before Rogers stopped paying rent. The Bank's right to recover rent was dependent upon its maintenance of the signs at said location. When they were removed by Big Country Bulletin the consideration for the agreement to pay rent failed. Vincent v. Central City Loan & Inv. Co., 45 Tex.Civ.App. 36, 99 S.W. 428, 429 (WR); Norman v. Stark Grain & Elevator Co., Tex.Civ.App., 237 S.W. 963, 966 (WR); 13 Tex.Jur.2d Contracts, Sections 71, 72, pp. 213–214; Restatement of Contracts, Section 274, Comment b.

■ We hold that reversible error is not shown by tender of an affidavit by appellee and its exclusion by the court nor by exclusion of the original lease, which had been altered, an admitted copy being introduced.

All of appellant's points are respectfully overruled. The judgment is affirmed.