### INGRAM v. FRED. (No. 6764.)*

(Court of Civil Appeals of Texas. San Antonio. May 31, 1922. Rehearing Denied June 28, 1922.)

1. Courts ⚖️91(1)—Supreme Court decision dismissing writ of error conclusive on construction of contract by Court of Civil Appeals.

Where the Court of Civil Appeals construes a contract which is the basis of the action, and the Supreme Court refuses a writ of error, the construction is conclusive on Court of Civil Appeals in another case involving the same contract.

2. Landlord and tenant ⚖️152(3)—Landlord's common-law liability enlarged where lease imports understanding that building is tenantable.

A lease providing that lessor "shall have reasonable time to repair" the building, when notified contemplates duty in lessor to repair upon receipt of notice, and imports an understanding that the building is tenantable, which enlarges the landlord's common-law liability, so that he cannot hold tenant for full rental and still be exempt from damages to tenant caused by a defective roof.

3. Landlord and tenant ⚖️166(4)—Landlord's failure to repair not discharged by plea of reasonable diligence.

Where landlord who contracted to repair was impeded by tenant's sign in permanently patching a leaky roof, he is not discharged by a plea that he used reasonable diligence.

4. Landlord and tenant ⚖️166(10)—Tenant's notice to repair sufficient as to landlord when latter complies by undertaking repairs.

Where a lease was renewed upon landlord's promise to repair a roof, the landlord cannot object that tenant's notice to repair was insufficient because given before expiration of the old lease where it was treated by the landlord as a compliance with the agreement by his undertaking the repairs.

5. Appeal and error ⚖️232(1½)—Assignment founded on exception to petition relating to items of damage unavailing against testimony given upon itemized account.

Where testimony showing articles damaged was given without objection on witness' itemized account, an objection to the testimony on appeal cannot prevail where founded upon an exception to the petition that each article was not itemized therein, especially where the record fails to disclose that the exception was urged during trial, and witness swore his account was made when damage occurred.

6. Landlord and tenant ⚖️168(2)—Landlord not relieved of duty under covenant to repair, although tenant remains in possession while premises are defective.

In an action by tenant for damages due to a defective roof, where landlord covenanted to repair, the latter cannot prevail in asserting that tenant, by continuing in possession when knowing the defects, was guilty of contributory negligence, especially where tenant remained after landlord's renewed promises to repair.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by J. C. Ingram against A. Fred. Upon dismissal of plaintiff's suit the case was tried on defendant's cross-bill. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 210 S. W. 298.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction October 18, 1922.

Samuels & Brown, of Fort Worth, for appellant.

Marvin H. Brown, Sam R. Sayers, Charles T. Rowland, and McLean, Scott & McLean, all of Fort Worth, for appellee.

FLY, C. J. It may be gathered from a pleading styled "Defendant's Amended Answer and Cross-Bill" that is found in the record that J. C. Ingram, as plaintiff, had dismissed his suit in the lower court, leaving nothing but the cross-action to be tried. What that suit was about is not revealed by the record, and we can only presume that it was a suit upon a subject out of which the cross-action could legitimately grow, from the fact that the transcript is silent on the point. The "Amended Answer and Cross-Bill" does not in terms definitely disclose the original defendants in the case, but does allege that A. Fred has succeeded to the business and rights of Fred & Company, Incorporated, and in a pleading called "Defendant A. Fred's Application to be Substituted as a Party" that the corporation has been dissolved since the suit was filed, and A. Fred took over its business and assets and assumed all its obligations, and asks that he be substituted as a party in place of the corporation.

It was alleged in the cross-action that appellee, on or before March 28, 1914, was a tenant of appellant, and occupied his premises, being lot 5, block C6, of Dagget's addition to the city of Fort Worth, that a lease of the building was renewed and began on June 5, 1914, when the old lease terminated, and that the lease was renewed upon the promise that the roof of the store building, which was in a defective condition, should be replaced with a new one, or so repaired as to prevent leaks. It was alleged that the roof was not replaced or repaired, and leaks injured the goods of appellee in the sum of $1,620.35. The cause was submitted to a jury on special issues, and, upon the answers of the jury thereto, judgment was rendered in favor of appellee for $1,056.24, with interest at the rate of 6 per cent. per annum from date of judgment.

There was a written contract of lease of the premises for two years, from June 5, 1914, to June 4, 1916, and in that contract it was provided:

"In case building shall, from any cause, leak, lessee shall notify lessor of same in writing, and he shall have reasonable time to repair same, and shall not be liable for damages accruing therefrom."

It was also provided:

"All repairs upon said property herein leased, during the time that the same may be leased, shall be at the expense of said lessees, unless by special agreement the said lessor undertake to pay for the same."

The jury found in answer to the special issues submitted to them that the building leaked between June 5, 1914, and May 20, 1915, of which leaking appellee notified appellant in writing; that appellant did not, after being so notified, repair the roof so as to stop the leaks; that said leakage damaged the goods, wares, and merchandise of appellee in said building in the sum of $1,056.24. The findings of the jury are sustained by the statement of facts.

[1] The suit of appellant for his rents, it appears, from allegations in the cross-action of appellee, was dismissed, and in the judgment it is recited that appellant took "a nonsuit and dismissed his cause of action." Nevertheless the case of Ingram v. Fred, 210 S. W. 298, is a suit by Ingram against Fred for the same rent, founded on the same written contract presented herein. We are not informed as to when that suit, or this, was instituted, but that one was decided in the Court of Civil Appeals in the last part of 1918, on an appeal from a district court that permitted the nonsuit in this case. The contract in this case was construed in that case, and the construction must have been approved by the Supreme Court by its refusal of a writ of error. That construction is binding on this court.

[2] It is admitted by appellant that the storehouse leaked, and the testimony of the mechanic who was sent to repair the roof from time to time admitted that he only temporarily stopped the leaks, stating that his repairs would be rendered useless by the swinging of appellee's sign, one end of which was attached to or inserted in the roof. The roofing contractor, Lydick, did not remedy or remove that impediment to the proper repair of the roof, but left the sign as he found it, except to make inadequate patchwork about it. When he so desired, he removed the sign from the place on the roof. By the failure of appellant to stop the leaks he breached his contract, and became liable to appellee for the damage to the goods in the house which accrued by such leaks. It was the duty of the landlord to repair the roof as he agreed to do, and such breach of the contract was a valid defense to any demand for rent accruing after an abandonment of the premises. Vincent v. Loan & Inv. Co., 45 Tex. Civ. App. 36, 99 S. W. 428; Ingram v. Fred, herein cited. As said in the last-named case:

"While the lease contract in the present suit did not expressly and specifically bind the landlord to repair the roof, in case it should become so leaky as to render the building untenantable, yet we think that such obligation was clearly implied from the terms of the lease itself. The obligation of the tenant expressed in the lease to notify the lessor if building should leak, and the further stipulation that the lessor 'shall have reasonable time

*to repair the same,'* clearly imports an understanding between the parties to the instrument that the lessor would make such repairs upon receiving such notice. In the absence of such an understanding, that clause in the lease would be entirely useless. Furthermore, to exempt the landlord from damages to the tenant resulting from defects in the roof, for which he would be liable under the common-law rule, in the absence of a stipulation to the contrary, and at the same time to hold the tenant liable for the full contract price of the lease, which he agreed to pay upon the understanding that the building was tenantable, would be unreasonable and obviously unjust to the tenant upon the plainest principles of equity, and such a construction therefore should *not be favored."*

[3] The court further held:

"And if the landlord was obligated to so repair the roof of the building that obligation was not discharged by the efforts he made to remedy the defects, upon his further plea that such efforts constituted reasonable diligence to accomplish that purpose."

These quotations effectually meet and destroy propositions first, second, third, and fourth, under assignments of error 11, 13, 16, 19, and 20, and they are overruled.

[4] The fifth and sixth propositions, under assignments 8, 9, 10, and 11, present the objection that the notices were not sufficient because given before the old lease had terminated and the new had begun. The same objection is presented in the case cited of Ingram v. Fred and the court held the objection without merit. The court also said:

"At all events, the landlord treated the notices, and other notices given orally, as a compliance with the requirements of the lease, by making repeated efforts to repair the roof."

The assignments are overruled.

[5] Appellee was permitted to testify, without objection, to the items set out in an itemized account, and appellant is in no position to now object because of an exception to the petition on the ground that each damaged article was not itemized therein. The exhibit marked B and made a part of the petition was referred to and used by appellee in his testimony without objection. Appellee swore:

"I made a list of the contents that were damaged when the window leaked. This list of articles, which is marked Defendant's Exhibit B, is a list of the articles damaged and the dates when they were damaged."

If the exception to the petition made the basis of the seventh assignment of error was ever presented or urged upon the court, the record fails to disclose any action thereon by the court. The seventh assignment of error is overruled.

[6] The sixteenth, seventeenth, and eighteenth assignments present error in that appellee went into the second lease with the knowledge that the house leaked, and thereby was guilty of contributory negligence, and cannot recover damages. Appellant forgets that he had covenanted to stop the leaks, and that appellee made the second lease in reliance upon the agreement to repair. As said in the cited case of Vincent v. Loan & Inv. Company:

"It is true, in this case, the tenant remained in possession long after he discovered that the landlord had failed to make the essential repairs required by the contract, but the answer shows that this was done at the instance and by the request of the plaintiff, accompanied by renewed promises to repair. Under these circumstances, we do not think that the tenant should be held to have waived any right under the contract."

In the case of Lovejoy v. Townsend, 25 Tex. Civ. App. 385, 61 S. W. 331, this court held:

"It is entirely immaterial in this case whether or not the roof was in this defective condition at the date of the lease. We have the court's finding, that by the terms of the lease, the landlord expressly contracted to repair and keep the roof in repair. This obligated him to put it in repair, if unsafe when the lease was entered into, and if he was negligent in this, as the court has found he was, he is liable."

The cross-bill not only alleged a breach of the covenant to repair, but alleged negligence in failing to repair the roof so as to prevent rain from entering the storehouse, so, whether the recovery be placed on breach of contract or negligence, it is sustained by pleadings and evidence. The contract was breached, and the evidence showed negligence upon the part of appellant in his attempts to repair the roof.

The appeal is without merit, and the judgment is affirmed.