## BENAVIDES v. GARCIA.  (No. 7449.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1926. Rehearing Denied May 5, 1926.)

1. **Appeal and error** ⬅️714(5).

Appellate court cannot accept and give effect to statements of facts in briefs, which are unsupported by record.

2. **Trespass to try title** ⬅️47(3)—In trespass to try title, affirmative decree in favor of defendant is unwarranted, where defendant fails to connect himself with title.

Where defendant in trespass to try title attempts to show chain of title different from that claimed by plaintiff, but fails to connect himself therewith, affirmative decree in his favor is unwarranted.

3. **Judgment** ⬅️692.

In view of Rev. St. 1911, art. 2167, judgment in suit by infant by his next friend is conclusive on infant.

4. **Infants** ⬅️112—Judgment in action by infant by his next friend is not subject to collateral attack, in absence of charge of misconduct against next friend.

Although judgment in action by infant by his next friend may be set aside in direct action

for that purpose for fraud, collusion, neglect, or adverse interest of next friend, it is not subject to collateral attack, in absence of charge of misconduct against next friend, and validity will be conclusively presumed.

**5. Judgment ⊜707—Judgment of Supreme Court is conclusive upon identical matters in subsequent litigation, though presented by different parties and concerning different properties.**

Judgment of Supreme Court, on specific issue or giving particular effect to specific instrument or state of facts, is conclusive upon identical matters in subsequent litigation, though presented by different parties and concerning different properties.

**6. Judgment ⊜547—Holding of Commission of Appeals, approved by Supreme Court, interpreting will as vesting interest in certain parties, held conclusive as to another's claim thereunder.**

Holding of Commission of Appeals, approved by Supreme Court, that under certain will two parties were vested each with undivided one-half interest, held conclusive of plaintiff's contention that he had interest therein.

**7. Appeal and error ⊜1052(8).**

In trespass to try title, where defendant attempted to show title in himself but failed, admission of instruments by which he tried to do so held not harmful, if erroneous.

**8. Appeal and error ⊜733—Assignment in effect complaining that court erred in rendering judgment for defendant, and that under all facts and law judgment should have been rendered for plaintiff, cannot be considered.**

Assignment in effect complaining that court erred in rendering judgment for defendant, and that under all facts and law judgment should have been rendered for plaintiff, cannot be considered because multifarious and too general, and because it fails to specifically point out errors, but relegates court to entire record to attempt to discover them.

**9. Appeal and error ⊜718, 742(1)—Office of "assignment of error" is to point out specific ruling complained of, and function of propositions thereunder is to state reasons why ruling is erroneous.**

Office of "assignment of error" is to point out specific ruling at which complaining party is aggrieved, and function of propositions under such assignment is to state reasons why specific ruling is erroneous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignment of Error.]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Lazaro Garza Ayala Benavides against S. E. Garcia. Judgment for defendant, and plaintiff appeals. Reversed and rendered in part, otherwise affirmed.

Pope, Pope & Pope, of Laredo, and Taliaferro, Cunningham & Moursund, of San Antonio, for appellant.

Mann, Neel & Mann, of Laredo, for appellee.

SMITH, J. In this cause appellant, Lazaro Garza Ayala Benavides, brought an action in the form of trespass to try title against appellee, S. E. Garcia, to recover title and possession to lot 8, block 92, Western addition to the city of Laredo. Garcia answered by plea of not guilty. An intelligent and authoritative disposition of the controversy between the parties requires the construction of a contract of adoption and the effect of an attempted conveyance or devise embraced in said contract, as well as the construction of a somewhat intricate joint and mutual will, executed by Santos Benavides and wife, Augustina V. de Benavides, and a determination of the rights and estates, both direct and alternative, of a number of designated devisees and those claiming under them.

[1] Appellant claims an interest in the property as the survivor of his father, Francisco Garza Ayala Benavides, one of the devisees in the will, and as the residuary legatee of his uncle, Juan V. Benavides, deceased, another devisee in said will. He bases his claim to the interest of Juan V. Benavides upon the fact, repeatedly assumed in his brief, that the latter died without issue, but, while it is stated by the parties in their briefs that Juan V. Benavides did in fact die without issue, no reference is made in the briefs to a record of this fact, and we have been unable after a tedious search to find any evidence thereof in the record. As the fact is essential to the full title asserted and relied upon by appellant, and as such fact is apparently without support in the record, this court is without authority to give effect thereto.

[2] Upon the other hand, appellee claims title by purchase, to establish which he introduced patent from the state to the city of Laredo as well as various other instruments by which, if effectual, the title passed on down into one Manuel Perez, to whom it was conveyed in a deed executed by J. K. Baretta, as attorney in fact for others, in 1903. But the record contains no instrument whatever, nor other evidence of any character, so far as we have discovered, which directly or otherwise connects the title with appellee, whose name does not even appear in the record, except, simply, that he was the defendant below and is appellee here. In the face of this showing appellee is not entitled to judgment affirmatively decreeing title in him to the property in controversy. There remains, then, the question of what disposition shall be made of the judgment against appellant.

The will here in controversy need not be set out in this opinion, in view of the disposition to be made of the appeal. That in-

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

strument was considered and in part construed in the decision of the case of Rossetti v. Benavides, 195 S. W. 208, decided by this court, and in which writ of error was denied by the Supreme Court. In that case appellant, Lazaro Garza Ayala Benavides, then a minor, through his mother as next friend, and joined by her in her own right, asserted that:

"Said joint will between Santos Benavides and his wife, Augustina V. de Benavides, taken in connection with the deed of adoption therein referred to and made a part thereof, became, was, and is a contract binding upon the testators therein, and was intended to and did in fact convey the legal title, in equal moities, to Juan V. Benavides and Francisco Garza Ayala Benavides, deceased, in and to all the real estate then owned by the joint makers of said contract and will, subject only to the life estate and right of use and enjoyment to one half thereof on the survivor as between the said joint makers thereof."

[3] In the decision of that case the contention of appellant, as above set out, was upheld by the court below, as well as by this court and by the Supreme Court in the denial of the writ of error, to the extent of holding, as stated in the opinion of this court, that:

"The mutual will, in view of the facts of adoption and ratification by the surviving widow, vested an undivided one-half interest in the Laredo lot No. 5 in Francisco, which was inherited by appellees, heirs of Francisco, and the other undivided one-half interest in Juan Benavides, vendor of appellant [Rossetti]."

Upon that holding, in accordance with his contention there asserted, appellant recovered in that case the title to a portion of the devised estate, consisting of an undivided interest in a parcel of land not here in controversy, but occupying the same legal status. The contention asserted by appellant in the former suit is contrary to that asserted by him in this case, and is substantially identical with that here asserted by appellee, who, however, was not a party to the former controversy. Upon the trial of the instant suit appellee introduced the pleading of appellant and the judgment of the court below and of this court in the former suit, contending that by those pleadings and that judgment appellant was estopped to deny the title he there successfully asserted, and was bound by the construction of the contract and will successfully asserted by him in the former suit. Appellant now contends that, as he was a minor at the time of the former adjudication, he could not be estopped by the position assumed for him by his next friend in that proceeding, and was not bound by that adjudication. It is not deemed necessary to discuss the question of the application of the doctrine of estoppel to infants by reason of acts done by or for them. But we conclude that appellant, though an infant and acting through his next friend in the former pro-

ceeding, was bound by the adjudication in that proceeding.

It is well settled that an infant may sue by next friend; the statute expressly provides therefor. Article 2167, R. S. 1911. And so is it settled that when an infant sues or is defended in litigation by his next friend, he is as much bound by the judgment and decrees in such suits as if he were an adult. Cannon v. Hemphill, 7 Tex. 184.

[4] It is true that such judgment may be set aside in a direct action brought for that purpose, in case of fraud, collusion, neglect, or an adverse interest of the next friend, but, this being a collateral attack on the judgment, and there being no charge of misconduct against the next friend, the validity of the judgment is conclusively presumed.

[5, 6] And when in one case the highest court of the state has determined a specific issue, or given a particular effect to a specific instrument in writing or state of facts, such determination is conclusive upon the identical matters in subsequent litigation involving such matters, even though it is presented by different parties and concerns different properties. 21 C. J. 1063; Black Judg. §§ 607, 609; Freeman Judg. §§ 672, 822, 855, 857, 858; Hanrick v. Gurley, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, 93 Tex. 458; O'Rourke v. Clopper, 54 S. W. 930, 22 Tex. Civ. App. 377; Hennegan v. Nona Mills Co. (Tex. Civ. App.) 195 S. W. 664. So the holding of this court in the former suit, approved by the Supreme Court in the denial of writ of error, that under the will here in controversy Francisco and Juan Benavides were each vested with an undivided one-half interest in the lot there in controversy, is determinative in this case in so far as it affects the interest of appellant in the lot here in controversy, since appellant's interest in that tract is identical with his interest in the tract here involved. The court below therefore did not err in admitting in evidence the proceedings in the former suit, and appellant's first four assignments of error, in which this question is presented, will be overruled.

[7] In his fifth to fourteenth assignments of error appellant complains of the admission in evidence of certain conveyances and other instruments by which appellee sought to deraign title into himself. As the purpose for which these instruments were placed in evidence failed, because of the hiatus appearing in the course of that title towards appellant, no harm resulted to appellant, and he cannot complain of the transaction.

[8] Appellant's fifteenth and last assignment of error is as follows:

"The court erred in rendering judgment for the defendant on the trial of this case, for the reason that to render such judgment necessitated placing another and a different construction on the will sued upon in this case, and another which plaintiff claimed and claims than that

intended to be placed and placed thereon by the deceased, Santos Benavides, one of the joint makers thereof, because said will, being a joint and mutual will, could not be abandoned or rescinded by the surviving joint maker after the death of one joint maker, constituted and was a contract between them based upon a valid consideration, and judgment under all the facts and the law should have been rendered for the plaintiff under said will."

Appellee objects to the consideration of this assignment, upon the grounds that it is "multifarious, is too general, and does not specifically point out an error, but touches in a general way on all issues involved in this case." These objections must be sustained. When analyzed, the complaint is, generally, that the court erred in rendering judgment for appellee, and that "under all the facts and the law" judgment should have been rendered for appellant. The effect of these complaints is, not to point out any specific error in the proceedings, but to direct this court to the entire record for discovery of such rulings as might prove upon inspection to have been erroneous. The record is replete with questions of law, some of them extremely intricate in their nature, and it was the duty of appellant to direct this court to the specific rulings and contentions which he seeks to have revised and disposed of, and the assignment, being so general as to specify none of those rulings, is too general to require consideration.

It is true that in the same assignment it is stated that the judgment is erroneous, "for the reason that to render such judgment necessitated placing another and a different construction on the will sued upon in this case, and another which plaintiff claimed and claims than that intended to be placed and placed thereon by the deceased, Santos Benavides, one of the joint makers thereof, because said will, being a joint and mutual will, could not be abandoned or rescinded by the surviving joint maker, constituted and was a contract between them based upon a valid consideration, and judgment under all the facts and the law should have been rendered for the plaintiff under said will." This interpolation into the assignment affords no relief from the generality thereof; it points out no specific ruling, sets up neither the construction complained of nor that contended for, and leaves the investigator completely in the dark as to the nature of the specific point sought to be made by appellant. The assignment performs none of the offices for which assignments of error were designed.

The first proposition under said assignment is that:

"A joint and mutual will, executed by husband and wife pursuant to a contract between them, which gives to the survivor a life estate in the entire property, with remainder to their daughters, is executed on a valid consideration consisting of the reciprocal devise of the one to the other, and where on the death of the wife

acquiescing in the will, the husband probates it and goes into possession, he cannot revoke the will."

This proposition simply propounds an abstract principle, does not relate to the assignment, nor even apparently to the case made. The statement thereunder is equally futile in pointing out any purpose of the assignment and proposition. It simply refers generally to the will in question, without setting out any part of it, or referring to the provision therein sought to be construed; alleges that it is the joint and mutual will of the testators, that it was probated at the instance of the surviving wife, who was appointed as executrix, and took possession of the estate, and returned an inventory which was approved by the probate court; that appellant showed title to Santos Benavides, one of the testators, by patent from the state.

The three remaining propositions under said assignment of error are as follows:

"Where a will divides an estate into certain shares and expressly provides that in the event of each or either share devisee dying without legitimate issue, said share to go to another person named, but in the event of the share devisee leaving legitimate issue at his death, such issue shall receive the respective share of such share devisee, a life estate in the first share devisee is expressly created and under such will the construction intended by the testator, in creating various contingencies as to the passing of the title at the end of the life estate can be readily determined from the will.

"Where an estate for life is expressly given and power of disposition is annexed to it, only a life estate is created.

"A surviving child of a deceased parent occupies the position of that parent with respect to property rights, present or future, of his deceased parent."

It will be readily observed that these propositions are purely abstract in their nature and purpose, are so general as to point out no specific ruling of the court, present no concrete question raised in the case, and relegate this court to the entire record to ascertain the basis, course, effect, and end of the contention sought to be enforced by appellant under this assignment.

[9] The office of an assignment of error is to point out the specific ruling of the trial court at which the complaining party is aggrieved, and the function of propositions under such assignment is to state the reasons why such specific ruling is erroneous. Here the assignment points out no specific ruling, but is directed at the judgment as a whole, which embraces many direct and implied rulings upon an equal number of specific questions of law. If appellant was aggrieved at any of these several rulings, and desired to present those rulings for review here, he could accomplish this purpose only by assigning error upon each such ruling, specifically. But the only assignment directed at the sever-

al rulings relating to the construction and application of the terms of the will is the fifteenth, which complains of the judgment as a whole, embracing all those rulings. Thus appellant has evaded the duty of specifying the rulings which were objectionable to him, and seeks to shift to this court the duty of eking out those rulings for the purpose of reviewing them. We decline to assume the responsibility.

We conclude, first, that, under appellant's first, second, third, and fourth assignments of error, the trial court properly admitted the pleadings and judgment in the case of Rossetti v. Benavides, as determinative of the law of the case in so far as the will in question was there construed; second, that under the fourth to fourteenth assignments of error no reversible error was committed in admitting in evidence the instruments offered by appellee for the purpose of affirmatively showing title in himself, since such evidence is given no effect in the disposition made of the case here; and, third, that the remaining assignment of error, the fifteenth, cannot be considered, for the reasons stated.

The judgment of the court below will be reversed and here rendered, in so far as title to the property in controversy was affirmatively decreed in appellee, but in all other respects the judgment is affirmed, at the cost of appellant.

Affirmed in part, and in part reversed and rendered.