**BUTLER v. McGARRAUGH et al.**

No. 1521.

Court of Civil Appeals of Texas. Eastland.

Feb. 28, 1936.

Rehearing Denied March 27, 1936.

Maude F. Butler, of San Antonio, for appellant.

Hirshberg, Mueller, Powell & Green, of San Antonio, for appellees.

LESLIE, Chief Justice.

Maude F. Butler, a feme sole, filed this suit against Robert McGarraugh, to recover $250 paid by her to the latter on May 26, 1928, as first payment on a residence in San Antonio, Tex. Although the deal was never consummated, the plaintiff obtained possession of the property while the title was being examined. Plaintiff and her then husband occupied the residence about four and a half months. A controversy arose between the parties as to the condition in which the house was to be delivered, and after negotiations a second deal was entered into by which other property was to be conveyed to the plaintiff and the $250 applied as a payment on the same. The latter deal failed of consummation because the plaintiff's husband would not execute the contract. The parties made counter charges and claims against each other, the details of which are unimportant in the disposition of this appeal.

In the instant suit the defendant answered by exceptions, general denial, and pleas of res adjudicata and two and four years' limitation. The trial before the court and jury resulted in an instructed verdict for the defendant. From the judgment entered thereon the plaintiff appeals. The parties will be referred to as in the trial court. The above ruling of the court is assigned as error.

The plea of res adjudicata was to the effect that the matters and things involved in this cause (No. 25281) had been adjudicated in the county court of Bexar county in cause No. 19879; that the same matters had been adjudicated in said court in cause No. 21851; and that the same matters had been adjudicated in the same court in cause No. 23643.

In the first suit (19879) E. P. Butler, the then husband of the plaintiff, undertook to recover the $250 with interest from October 4, 1928, on the theory that it was community property, the custody of which he alleged belonged exclusively to him, and that his wife had no authority to pay it out. In that suit, filed August 27, 1929, he alleged that he requested the defendant to pay him the $250 and that the defendant *failed and refused* to do so. Judgment went against the plaintiff.

January 13, 1931, E. P. Butler and Grace Butler, a feme sole, instituted another suit (21851) to recover the $250. Grace Butler is the same person as the plaintiff Maude F. Butler, and she was then divorced from E. P. Butler. The defendant answered in that cause, and set up a cross-action against the Butlers for rent for the residence during the time they occupied

the same. On a trial of 21851 several special issues were submitted to the jury and answered in favor of the defendant. The verdict included findings that the plaintiffs (Butlers) failed and refused to comply with the terms of the contract dated May 26, 1928; that the plaintiffs moved into the house without consent of the defendant; that they occupied the same 4½ months; and that the reasonable rental value per month of the premises was $50. Plaintiffs were denied any recovery, but the defendants recovered $225 rents.

Thereafter, on April 20, 1932, the plaintiff Maude F. Butler filed suit (23643) in the county court of Bexar county against Robert McGarraugh to recover the same $250. The defendant answered setting up a plea of res adjudicata based upon the judgments in the other suits mentioned. A trial was had on June 28, 1932, and the court rendered judgment against the plaintiff, finding "that the matters and things in controversy in this suit (23643) have heretofore been settled and adjudicated by this court in 19879," and "that all matters and things involved in this cause of action (23643) have been heretofore settled and adjudged by the county court * * * in cause No. 21851 * * * and that the subject matter in each of said causes Nos. 19879 and No. 21851 and that involved herein (23643) was and is identical and that the judgments in each of said causes in favor of the defendant Robert McGarraugh was and is binding upon the plaintiff herein."

Neither of the preceding judgments was appealed from, and the Butlers, one or both, permitted them to become final.

The instant suit (No. 25281) filed August 29, 1933, is an effort to recover from the same defendant the same $250. The wife of the defendant, Mary McGarraugh, is made a party, but no attempt is made to show a cause of action against her, and the record discloses none. The only deviation in the last petition, the one in the instant suit, from the theory or formula employed by the plaintiff or plaintiffs in the former suits is an alleged plea of fraud on the part of McGarraugh to the effect that at the time he promised to return the $250 he had no intention of doing so, etc. The plaintiff also alleged in that connection that she did not discover such intention of Robert McGarraugh to break

his promise until June 14, 1932. This last date or allegation, if true, would theoretically leave plaintiff's claim unaffected by limitation.

■ A review of the plaintiff's testimony discloses that immediately after the date of the negotiations, May 26, 1928, a demand in behalf of the plaintiff was made on the defendant to return the $250, and the defendant refused to do so. The first suit (19879) to recover the $250 was filed August 27, 1929, and the petition alleged such demand and refusal. It clearly appears from the plaintiff's pleadings and testimony that immediately after the alleged negotiations of May 26, 1928, and those of September 28, 1928, the defendant McGarraugh was then and subsequently thereto consistently refusing to return the $250 and, on the other hand, the plaintiffs were persistently demanding its return. Each of the above suits evidence the progress of the controversy about the $250. From the recited facts and other testimony not necessary to specifically mention, it conclusively appears that the plaintiff had knowledge almost from the date of the original transactions of facts concerning the defendant's purpose to retain the $250 under a claim of right thereto. These facts and the plaintiff's knowledge of the defendant's alleged purpose and intention should have induced such inquiry by a reasonably prudent person as would have immediately led to the discovery of the fraud, if any. From the knowledge of such facts the law imputes knowledge of the fraud, if any. Steele v. Glenn (Tex. Civ.App.) 57 S.W.(2d) 908; 28 Tex.Jur. 160, § 71. We think as a matter of law the facts and circumstances above detailed put the plaintiff upon inquiry at that time and so long prior to the filing of this suit on August 29, 1933, that the cause of action, if any ever existed, was barred by the statute of limitation (Vernon's Ann.Civ.St. art. 5526) when this suit was filed, as the trial court has undoubtedly held.

■■ From the foregoing conclusions it is apparent that the judgment is also sustainable upon the ground of res adjudicata. As said in Nichols v. Dibrell, 61 Tex. 539, 541: "It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in

the case and which they might have had decided. * * * Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.'" Rothschild Bros. Hat Co. v. Lotief (Tex. Civ.App.) 3 S.W.(2d) 497; 26 Tex.Jur. 135, § 418, and authorities cited.

The other assignments have been examined. Finding them without merit, they are overruled.

For the reasons assigned the judgment of the trial court is affirmed.