**AMERICAN NAT. INS. CO. et al. v. WARNOCK.**

No. 3954.

Court of Civil Appeals of Texas. El Paso.

June 6, 1940.

Rehearing Denied Sept. 19, 1940.

Jones, Hardie, Grambling & Howell, of El Paso, Johnson & Crumpton, of Fort Stockton, and Frank S. Anderson, of Galveston, for appellants.

Blaydes, Kelly & Winkler, of Fort Stockton (John J. Watts, of Crane, and

Joseph G. Bennis, of El Paso, on the brief), for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Pecos County in a suit where E. H. Warnock and Lurline Johnson, joined by her husband, were plaintiffs, and American National Insurance Company and C. W. Hirst, R. W. Hirst and Icel Hirst were defendants. The trial was to a jury, the case submitted on special issues. On the verdict returned judgment was entered in favor of plaintiff Warnock against the defendant Insurance Company and the Hirsts, adjudging that said named plaintiff recover the premises in controversy and cancelling, as against the defendants Hirst, a certain deed from their co-defendant Insurance Company purporting to convey to them the premises in controversy. Plaintiff Warnock was ordered to execute and deliver to defendant Insurance Company a promissory note in the sum of $22,900, dated February 5, 1935, bearing interest at the rate of seven per cent per annum, and payable in one hundred and twenty monthly installments, beginning March 5, 1935; the said notes to be secured by deed of trust on said premises, executed and delivered by Warnock; the general provisions being set forth in the judgment. The Insurance Company was ordered to execute a deed conveying the premises to Warnock. Judgment was entered that plaintiff Lurline Johnson, joined by her husband, take nothing. Defendants perfected an appeal as to plaintiff Warnock, and the case is here for review.

Plaintiffs' pleading is rather detailed and voluminous, and the answer of defendant may likewise be so characterized. It is necessary in order to properly discuss the issues involved in the appeal to briefly summarize the pleadings.

Plaintiffs' petition charges the Insurance Company held an indebtedness of about $22,000 against the Fort Stockton Building & Loan Association secured by a deed of trust on the premises in controversy; that Warnock had a judgment against the same Building & Loan Association in approximately the sum of $10,000; that this judgment was abstracted in Pecos County, and was a lien on the property secondary to the deed of trust before mentioned. In 1932 the Loan Association was in default on its payments on its obligations; that

finally through a substitute trustee the said Insurance Company, on or about the 8th day of February, 1934, foreclosed its deed of trust and Watson, an official of the Insurance Company, took a deed to the property for the benefit of the company. On the 5th day of August, 1935, the Insurance Company conveyed the property to the defendants Hirst, the consideration being $30,000; $7,000 cash and the balance on deferred payments.

Plaintiff alleged that prior to the sale there was an oral contract between Warnock and the Insurance Company that the said company should foreclose its lien, and if it purchased at the sale it would then convey the property to Warnock for the amount of its lien against the property, the amount to be paid by Warnock to be in monthly installments of not to exceed $250 each, the rate of interest to be seven per cent instead of eight, as in the foreclosed incumbrance. The consideration moving to the Insurance Company was the dismissal of a suit as to it, which plaintiff Mrs. Lurline Johnson had filed against the defendant company and others; also that Warnock was not to bid at the foreclosure sale. Further, in making this contract, Warnock acted through his authorized agent, S. C. Johnson, and defendant acted through its authorized agent. It was averred that defendant Insurance Company, after it obtained the title to the property, refused to execute the conveyance contracted for on demand of Warnock, said demand coupled with an offer of performance on his part; further, that on the date said defendant conveyed the property to the defendants Hirst, that said defendants had notice of the equitable rights of Warnock in the property; that by virtue of the facts alleged plaintiff had an equitable right to the property and the recovery of the property was sought, subject to the rights of the defendant company under the oral contract. The rental value of the property was sought to be offset against the purchase price provided for in said contract.

Defendant denied the contract pled by plaintiff, and further pled the statute of frauds, Vernon's Ann.Civ.St. art. 3995, the two-year statute of limitation, and the three-year statute applicable to land. Further, as a defense, that plaintiff Warnock had theretofore filed and prosecuted to final judgment a suit in the District Court wherein damages were sought by him for the failure of the Insurance Company to

convey to him the property involved; that the contract pled and relied upon in such former suit was the same contract pled and relied upon by plaintiff; that the final judgment was against plaintiff Warnock, and that same was a bar and an estoppel against the cause of action asserted by said plaintiff.

In the instant case the issues submitting the basic right pled by plaintiff and the findings of the jury thereon were as follows:

"Special Issue No. 1:

"Do you find and believe from a preponderance of the evidence that W. O. Watson, in the presence of George Prendergast, orally agreed with S. C. Johnson and R. D. Blaydes in the library of the Court House at Fort Stockton, Texas, on or about September 17th, 1934, to convey the Rooney Hotel property to the plaintiff, E. H. Warnock, on ten years time at a reduced interest rate of seven per cent and in the amount of the company's loan on said property? Answer yes or no.

"Answer: Yes.

"Special Issue No. 2:

"Do you find and believe from a preponderance of the evidence that such agreement, if you have found that there was any such, was made upon the condition that the damage suit brought by S. C. Johnson and his wife against the defendant, American National Insurance Company, and then pending in this Court, would be dismissed? Answer yes or no.

"Answer: Yes.

"Special Issue No. 3:

"Do you find and believe from a preponderance of the evidence that S. C. Johnson, as the agent and representative of E. H. Warnock, agreed with Watson that E. H. Warnock would not become a bidder at the defendant American National Insurance Company's sale on February 5, 1935? Answer yes or no.

"Answer: Yes.

"Special Issue No. 5:

"Do you find and believe from a preponderance of the evidence that George Prendergast, in the presence of W. O. Watson, orally agreed with S. C. Johnson and R. D. Blaydes in the library of the Court House at Fort Stockton, Texas, on or about September 17th, 1934, to convey the Rooney Hotel property to plaintiff E. H. Warnock on ten years time at a reduced interest rate at seven per cent and in the amount of the company's loan on said property? Answer yes or no.

"Answer: Yes."

If the judgment in the former suit operated as a bar or estoppel against the cause of action asserted here, an improper judgment was rendered, and instead of being in favor of plaintiff should have been in favor of the defendants. It is therefore deemed proper, first, to take up the assignments of appellant relative to this issue.

■ In the former case Lurline Johnson and her husband were not parties plaintiff, as they were in the instant case. In this case the contract pled is between Warnock and Lurline Johnson on one part and the Insurance Company on the other. However, the contract between Warnock and the Insurance Company was the only one submitted by the court, and was the basis of the judgment rendered. Judgment was that Lurline Johnson take nothing. Question of a variance between the pleading and the proof is not raised in the case. Under the pleading and proof Mrs. Johnson was perhaps neither a necessary nor a proper party to the suit for the enforcement of the contract between plaintiff Warnock and the defendant Insurance Company. In our opinion, plaintiff Warnock cannot urge that the former judgment was not binding on him because not binding on Mrs. Lurline Johnson. In Freeman on Judgments it is said: "But the objection that a judgment is not binding on third persons is not available to the parties whose rights as to each other were fully litigated." Freeman on Judgments, 5th ed., Vol. 1, Sec. 407, p. 891.

The Hirsts were not parties to the former suit. All their rights in and to the property involved were derived from the defendant Insurance Company. All title and right held by the Insurance Company in and to the property was vested in them, subject, of course, to all equities of which they had notice in favor of Warnock. Before Warnock could recover from the Hirsts it was absolutely necessary to establish his right against the Insurance Company. The parties here and the parties in the former suit are identical insofar as the issue of res adjudicata is concerned.

The real question, then, is: Was there such an identity of the cause of action prosecuted in the former suit with the one here asserted as precludes its assertion?

In order to consider this question it is necessary to at least summarize the pleadings and verdict in the former suit. In the former suit plaintiff Warnock sought damages from the Insurance Company for its failure to comply with the identical contract relied on here. It was charged that it failed and refused to convey to him the land involved here, and had sold same to the Hirsts. The prayer of the petition was that plaintiff recover $25,000 damages, "and for such other and further relief in both law and equity, general and special, to which plaintiff is justly entitled."

Among other defenses urged by defendant Insurance Company there was the statute of frauds. Trial was to a jury. The basic issues submitted by the court as to the substantive rights of plaintiff Warnock, with the findings of the jury thereon, are as follows:

"Special Issue No. 5:

"Do you find and believe from a preponderance of the evidence that W. O. Watson in the presence of Geo. Prendergast orally agreed with S. C. Johnson and R. D. Blaydes in the library of the court house on or about September 17th, 1934, to sell and convey the Rooney Hotel property to the plaintiff, E. H. Warnock on ten years time at a reduced interest rate of seven per cent and in the amount of the Company's loan on the property? Answer Yes or No.

"Answer: Yes.

"Special Issue No. 6:

"Do you find and believe from a preponderance of the evidence that such agreement, if you have found there was any was made upon the condition that the damage suit brought by S. C. Johnson and his wife against the defendant, American National Insurance Company, and then pending in this court, would be dismissed? Answer yes or no.

"Answer: Yes."

On this verdict, which consisted of other supporting issues, the court entered judgment for plaintiff Warnock against defendant Insurance Company in the sum of $7,000. The Insurance Company appealed to this court. Here that judgment was affirmed. American National Ins. Co. v. Warnock, 107 S.W.2d 1042. Writ of error was applied for, granted, and the Supreme Court reversed and rendered the judgment of this court and the trial court, and entered judgment in favor of the defendant there, the American National Insurance Company. American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1165. In substance the Supreme Court held that the statutes of frauds precluded a recovery by plaintiff.

We think there is implicit in that holding the further finding that the contract in question was a contract for the sale of lands. There is in the record before us a copy of a supplemental motion for rehearing urged by Warnock in the Supreme Court. In this motion it is urged that the pleading and proof were sufficient to sustain the theory of an express trust not subject to the statutes of frauds. It was argued on this theory the judgment of the trial court and the Court of Civil Appeals was sustainable. If not sustainable, the theory was raised, and the Supreme Court should reverse and remand the case for a new trial rather than reverse and render, to the end that plaintiff might have an opportunity to replead and, if necessary, introduce new evidence. In the argument there it is urged that the record raised the question that the land was to be held in trust for the benefit of Warnock; that on account of the agreement Warnock was prevented from trying to secure anyone else to purchase the land so that he might be protected in his second lien, and prevented further from securing the property on his second lien, and making the payments due the Insurance Company. This motion was overruled.

The concluding paragraph of the opinion of the Supreme Court is as follows: "We have carefully examined this record, and are unable to find any fact which removes Warnock's claim asserted in this suit from the operation of this statute [the statute of frauds]."

Plaintiff in the instant case pled the alleged contract of September, 1934, as follows: "* * * that they (meaning Insurance Company) would resell the hotel property to E. H. Warnock when they foreclosed and would reduce the interest rate from eight per cent to seven, and rewrite the loan on a ten-year basis, which would reduce the monthly payments to approximately $250 per month. Mrs. Lurline Johnson agreed to this as she had a direct interest in the hotel agreement that existed between Warnock and the American National Insurance Company, and plaintiffs say that both of these agreements and the facts and circumstances surrounding them

created and resulted in a trust or confidence in lands in favor of E. H. Warnock against the defendant American National Insurance Company, and that the purchase of the lands and the hotel property by the American National Insurance Company at said foreclosure sale was for Warnock and in trust for these plaintiffs."

In the former case this allegation appears as to the same contract: "* * * that thereafter, and in the month of September, 1934, in Pecos County, Texas, the said W. O. Watson still acting for and as the agent and assistant treasurer of the said Insurance Company, and the attorney of said Insurance Company, to-wit, George P. Prendergast, in consideration of a dismissal of pending litigation then pending in the 83rd District Court of Pecos County, Texas, of causes styled E. H. Warnock v. American National Insurance Co. et al., and Lurline Johnson, et al. v. American National Insurance Company, et al., and in consideration of concessions regarding said suit and dismissal as to said American National Insurance Company, wherein it was being sued therein for $10,000 damages, then and there confirmed by their acts and statements the said previous agreement heretofore referred to wherein said defendant Insurance Company would resell said hotel property to this plaintiff, if and when said Insurance Company became the owner thereof through foreclosure proceedings, and then and there agreed that said defendant Insurance Company would resell said hotel property to this plaintiff, if and when said Insurance Company became the owner under such foreclosure proceedings, and which foreclosure proceedings were then and there instituted and pending, and further agreed that in such event said defendant Insurance Company would resell same in and for a sum equal to the then outstanding principal obligation, * * *."

A perusal of portions of the two petitions will reveal that the facts alleged as to the contractual relationship of the parties were substantially identical. In the petition in the instant case it is averred that a trust or confidence was created in the land, and this, of course, by virtue of the contract averred.

The gravamen of plaintiff's complaint in the former action was that he was entitled to the land from the defendant, and had not obtained it on account of defendant's refusal to convey, and that it had conveyed it away. He sought compensation by the way of damages. Here a recovery of the land is sought—in short, specific performance. It can, however, be logically asserted that the basis of the duty to convey was the identical contract at issue in each case.

■ A cause of action consists of a right in the plaintiff, a duty in respect to that right incumbent on the defendant, a breach of that duty by defendant, and damage resulting from such breach. Baker v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 184 S.W. 257; Williams v. City of Dallas, Tex.Civ.App., 52 S.W.2d 373.

■ The character of the remedy is not an intrinsic element of a cause of action. Graves v. McCollum & Lewis, Tex.Civ. App., 193 S.W. 217; Texas Farm Mortgage Co. v. Starkey, Tex.Civ.App., 25 S. W.2d 229.

In fact here, we take it that, even though the facts alleged were sufficient to constitute an express trust, there would be alternative remedies, specific performance, or damages. Exactly the same facts are brought forward to show a breach of the contract in each case.

■ The Supreme Court held that the identical contract sued on here was for the sale of the land, and we deem that holding binding on the trial court and on this court. It is true, as asserted by appellee, that where one contracts orally with a mortgagor for a valuable consideration to buy in land at a sale and hold the title for said mortgagor, an express trust is created, and Art. 3995 does not apply. Lyon v. Texorado Oil & Gas Co., Tex.Civ.App., 91 S.W.2d 375, and authorities there cited.

We believe the case presented to the Supreme Court was distinguishable on the facts from the case above cited. The case here presented is likewise distinguishable, and is the same case as was before the Supreme Court.

■ A contract to purchase lands and sell to another is within the statutes of frauds. American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Foster v. Ross, 33 Tex.Civ.App. 615, 77 S. W. 990 writ denied; Newson v. Minton, Tex.Civ.App., 250 S.W. 768; Robichaux v. Bordages, Tex.Civ.App., 48 S.W.2d 698; Wilt v. Kellogg, Tex.Civ.App., 99 S.W.2d 664; Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885; Robbins v. Winters, Tex. Civ.App., 203 S.W. 149; Davis v. Holloway, 317 Mo. 246, 295 S.W. 105.

There is no substantial difference in the facts involved in the two cases. The pleadings as to the vital and essential facts are the same; the evidence is practically the same; the finding on the evidence is the same; difference is only in the relief sought. Duty, as alleged in each case, was to convey the property to plaintiff Warnock. It was adjudicated that no such duty existed. In our opinion the pleadings in the former case were sufficient to present the question of a trust or agency.

The following cited cases are believed generally to support our holding: Mayfield Company v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Benavides v. Garcia, Tex.Civ.App., 283 S.W. 611; Id., Tex.Com.App., 290 S.W. 739; Hanrick v. Hanrick, 110 Tex. 59, 173 S.W. 211, 214 S.W. 321; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332; Butler v. McGarraugh, Tex.Civ.App., 91 S.W.2d 1118; Sovereign Camp, W. O. W. v. Helm, Tex.Civ.App., 94 S.W.2d 521; Trigg v. Whittenburg, Tex.Civ.App., 129 S.W.2d 472.

We deem a discussion of the other assignments unnecessary.

It is ordered that the judgment of the trial court as between plaintiff Warnock and defendants be reversed and here rendered in favor of the defendants. The judgment as to plaintiff Mrs. Lurline Johnson is affirmed.