CASE–POMEROY OIL CORPORATION et al., Appellants,

v.

PURE OIL COMPANY et al., Appellees.

No. 3271.

Court of Civil Appeals of Texas.

Waco.

May 26, 1955.

Rehearing Denied June 16, 1955.

Garrett & Garrett, Fort Worth, for appellants.

Robertson, Jackson, Payne, Lancaster & Walker, Dallas, Vinson, Elkins, Weems & Searls, Houston, Wynne & Wynne, Wills Point, for appellees.

McDONALD, Chief Justice.

This is a suit involving disputed ownership of certain oil and gas royalty interests in the John Walling Survey in Van Zandt County. Parties will be referred to as in the Trial Court. It was stipulated that plaintiffs claim their royalty interest under a chain of title which had its origin in the deed from Mrs. Ella York et al. to J. P. Johnson, dated 17 July 1929, as corrected by a deed dated 24 August 1929. This deed granted, *"for a period of 20 years"* one-half of the oil, gas and other minerals under 2 tracts of land. What is designated therein as the "2nd tract", containing 50 acres, more or less is, the tract involved in this case. Both the deed and the correction deed were filed for record in Van Zandt County in 1929.

It was likewise stipulated that a certain Consolidation Agreement of May 1931 is in the chain of title of plaintiffs. This Agreement was of record in Van Zandt County at the time each plaintiff purchased his royalty interest.

Defendants filed motion for summary judgment on the ground that there was no genuine issue as to any material fact, and that the unqualified and absolute refusal of the Supreme Court to grant the application for writ of error in Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528, was stare decisis of the legal construction of the York-Johnson deed and of the Consolidation Agreement of 1931. In support of motion for summary judgment defendants filed an affidavit which set out that plaintiffs' claims in this case are dependent upon the legal construction of the York-Johnson deed and the Consolidation Agreement of 1931 and that these two instruments are the identical instruments construed by the Dallas Court of Civil Appeals in the case of Kokernot v. Caldwell, 231 S.W.2d 528, and in which the Supreme Court refused outright application for writ of error. It further points out that the construction given these identical *two* instruments in the Kokernot v. Caldwell case, supra, is adverse to recovery by plaintiffs in this case.

The facts stated in defendants' affidavit were not controverted.

The trial court granted defendants' motion for summary judgment and entered judgment in favor of defendants, and plaintiffs appeal, contending: 1) The trial court erred in holding that the case of Kokernot v. Caldwell, supra, in which plaintiffs were not parties, controlled plaintiffs' case under the doctrine of stare decisis. 2) That since plaintiffs acquired their royalty interest long before the decision in the Kokernot

case, they could not be bound thereby. 3) That the Kokernot case was not correctly decided and should not be followed. 4) That defendants are estopped to deny the royalty interests acquired by plaintiffs as bona fide purchasers relying on the Consolidation Agreement of 1931.

This case involves the legal construction of two instruments: 1) The York-Johnson deed, supra, wherein Mrs. York granted Johnson *"for a period of 20 years"* an undivided ½ interest in the oil, gas and other minerals under a 50 acre tract in Van Zandt County, and 2) a Consolidation Agreement executed in May 1931 wherein the royalty owners under this 50 acre tract and the royalty owners under an adjoining 4.2 acres of land agreed with the Pure Oil Company, the owners of leases covering both tracts, that the two tracts should be combined for development purposes into a single 54.2 acres.

These two instruments are the *identical* instruments construed in Kokernot v. Caldwell, 231 S.W.2d 528, by the Dallas Court of Civil Appeals, with writ of error refused by the Supreme Court, and wherein it was held that the royalty rights of Kokernot acquired under the same York-Johnson deed terminated on 17 July 1949, and that the agreement made in 1931 for the consolidation of the 50 acre tract and the 4.2 acre tract for development purposes had no effect on the termination of this royalty interest. Plaintiffs herein likewise acquired their royalty rights under the same deed from Mrs. York to J. P. Johnson, and their predecessor in title, Premier Investment Company, was likewise a party to the Consolidation Agreement.

■ It is our view that the case of Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528 (writ of error refused) is stare decisis of all issues of law involved in this case, and that the trial court properly granted the motion for summary judgment filed by defendants.

In the Kokernot case, supra, the court held as a result of the legal construction placed on the York-Johnson deed and the Consolidation Agreement of 1931, that Kokernot's royalty interest terminated on 17 July 1949. The royalty interest contended for herein by plaintiffs, being acquired through the same chain of title, must be bound by the same legal construction given the same instruments in the Kokernot case, supra.

■ The unqualified refusal by the Supreme Court to grant the application for writ of error in the Kokernot case was an approval by that court of the legal construction of the York-Johnson deed and the Consolidation Agreement, and under the well settled principles of the rule of stare decisis, this court must adopt the same construction of these instruments which was adopted by the Supreme Court.

■ The general rule is stated in 26 Texas Jurisprudence, 46–48:

"The doctrine of stare decisis—under which the determination of a question of law by a court of ultimate resort becomes a part of the law of the state and a precedent governing the decision of subsequent matters involving the same point—differs considerably from the doctrine of res judicata. The rule of stare decisis has reference only to questions of law; it involves no element of estoppel, and it operates upon all persons, and not merely the parties to the particular proceeding and their privies. Thus when the Supreme Court or a Court of Civil Appeals—if the Supreme Court has denied an application for a writ of error—has once given a definite effect to a specific writing or a particular fact situation—as when it determines the true construction of a will or the validity of a deed * * * *such determination is binding and conclusive in all subsequent suits involving the same subject matter, whether the parties and the property are the same or not.* This result is reached by virtue of the doctrine of stare decisis. * * *."

The foregoing rule has been applied in numerous cases. One of the leading cases is Benavides v. Garcia, Tex.Civ.App., 283 S.W. 611, 613, which was affirmed by the Commission of Appeals in 290 S.W. 739, 740. That case involved the construction of a will and contract which had already been construed in another case in which the Supreme Court had refused a writ of error. The Court of Civil Appeals stated:

> "When in one case the highest court of the state has determined a specific issue, or given a particular effect to a specific instrument in writing or state of facts, such determination is conclusive upon the identical matters in subsequent litigation involving such matters, even though it is presented by different parties and concerns different properties."

■ Other authorities holding that where a specific deed or contract has been construed by the Supreme Court in a particular way, that the construction is binding in other cases in which the same identical deed or contract be involved, are: Porter v. State, Tex.Civ.App., 15 S.W.2d 191; Ingram v. Fred, Tex.Civ.App., 243 S.W. 598 (dis. W.O.J.); Hennegan v. Nona Mills Co., Tex.Civ.App., 195 S.W. 664 (Er. Ref.); McDonald v. Humble Oil & Ref. Co., Tex.Civ.App., 78 S.W.2d 1068 (Er. Dis.); Horne v. Moody, Tex.Civ. App., 146 S.W.2d 505 (Er. Dis. Judg. Correct); Cockrell v. Work, Tex.Civ.App., 94 S.W.2d 784 (Er. Dis.); Bond v. Kirby Lbr. Co., Tex.Civ.App., 47 S.W.2d 891 (Er. Dis.).

The construction of the selfsame identical instruments which determine plaintiffs' rights herein was passed upon by the Dallas Court of Civil Appeals in the Kokernot case, supra. The Supreme Court refused a writ of error. That construction was adverse to plaintiffs herein, and this court is bound thereby.

■ Plaintiffs' contentions that they acquired their interest long before the decision in the Kokernot case, supra, and that they relied on the wording of the York-Johnson deed and of the Consolidation Agreement to mean something different from the construction later given these instruments by the court, avails plaintiffs nothing. The proper construction of these two instruments are questions of law and those questions of law have been decided by the Supreme Court of this State. Under its decision, plaintiffs were not justified in believing from the wording that they were purchasing a royalty interest which would continue after 17 July 1949. It is a well established principle of realty law that a purchaser is charged with notice of the existence, contents, and legal effect of all instruments in or connected with his chain of title. See 43B Tex.Jur. 35–38; Matthews v. Rains County, Tex.Civ.App., 206 S.W.2d 852 (Er. Ref.); Abercrombie v. Bright, Tex.Civ.App., 271 S.W.2d 734 (Er. Ref. N.R.E.).

In the case at bar the facts show that plaintiffs made no attempt to examine the chain of title to the royalty interests they were purchasing. Instead they merely examined a table of royalty ownerships appended to the Consolidation Agreement, which on its face purported to do nothing more than to give each royalty owner in the 50 acre tract and the 4.2 acre tract a royalty interest in the 54.2 acre tract in proportion to the interests *"now held"* by each in the tracts so consolidated for development purposes. Plaintiffs' interest *"now held"* terminated in 20 years, or on 17 July 1949, so plaintiffs' interest in the consolidated tract likewise so terminated.

Plaintiffs contend that the Kokernot case was incorrectly decided. We think otherwise, but in any event the construction placed therein on the York-Johnson deed, and on the Consolidation Agreement is binding on this court.

From what has been said, it follows that all of plaintiffs' points are overruled, and the judgment of the trial court is affirmed.